**[J-48-2015]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 EAP 2014 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 2/6/14 at No. 947 EDA |
| | : | 2012 vacating and remanding the |
| v. | : | judgment of sentence entered on |
| | : | 3/12/12 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| | : | at No.  CP-51-CR-0007307-2010 |
| TERELL HALE, | : | |
| | : | |
| Appellee | : | ARGUED:  September 9, 2015 |

*OPINION*

**MR. CHIEF JUSTICE SAYLOR**                **DECIDED:  December 21, 2015**

Appeal was allowed to determine whether juvenile adjudications of delinquency qualify as "convictions" for purposes of grading within a particularized sentencing regime.

The case concerns Section 6105 of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S. §§6101-6127.  *See* 18 Pa.C.S. §6105.  Subsection (a)(1) of this statute prohibits persons from possessing firearms if they have been convicted of certain crimes enumerated in subsection (b).  *See id.* §6105(a)(1).  As relevant in the present case, one of the crimes specified in subsection (b) is aggravated assault, *id.* §2702.  *See id.* §6105(b).

The proscription of subsection (a)(1) also extends to individuals who have engaged in specific conduct within a range of criteria described in subsection (c).  *See*

*id.* §6105(a)(1), (c).  As is also material to the present appeal, subsection (c)(7) extends the prohibition to those who were adjudicated delinquent based on conduct which would comprise one of a smaller grouping of enumerated offenses -- also encompassing aggravated assault -- if committed as an adult.  *See id.* §6105(c)(7).

Although a Section 6105 violation, by default, is graded as a misdemeanor of the first degree, *see id.* §6119, subsection (a.1)(1) elevates the offense grade to a felony of the second degree where the defendant was "convicted" of any felony offense enumerated in subsection (b).  *Id.* §6105(a.1)(1).[1]  Importantly, for purposes of the present case, the subsection (a.1)(1) enhancement facially does not extend to the range of specific-conduct bases giving rise to the underlying firearms disability under subsection (c).[2]

In 2011, Appellee was convicted, among other things, of a Section 6105 offense, apparently based upon his possession of a firearm and the fact of a previous juvenile adjudication in 2005 for conduct which would give rise to an aggravated assault conviction if committed by an adult.[3]  Prior to sentencing, the prosecution apparently

---

[1] Parenthetically, subsection (a.1)(1) extends the same treatment to persons convicted of a felony under the Controlled Substance, Drug, Device and Cosmetic Act or a federal or other-state statute that may be regarded as an equivalent to a qualifying Pennsylvania conviction.  *See* 18 Pa.C.S. §6105(a.1)(1).  These provisions are not relevant to the present appeal, however.

[2] The one exception pertains to violations of the Controlled Substance, Drug, Device and Cosmetic Act, which gives rise to the firearms disability where punishable by a term of imprisonment exceeding two years, *see* 18 Pa.C.S. §6105(c)(3), and also to the subsection (a.1)(1) enhancement when the drug crime was a felony, *see id.* §6105(a.1)(1).

[3] The trial record presented to the Court is not clear as to the basis for the Section 6105 conviction, given that the transcribed jury instructions provided in the original record submission do not reference the offense.  *See* N.T., September 30, 2011, at 34-63.  It is (…continued)

took the position that the finding of delinquency should be considered a "conviction" for purposes of the subsection (a.1)(1) enhancement.[4]   Thus, the Commonwealth advocated in favor of the felony grading.

The sentencing court found this to be appropriate, premised on a different rationale.[5]   On appeal, however, the Superior Court vacated the sentence and remanded for resentencing.  *See Commonwealth v. Hale*, 85 A.3d 570 (Pa. Super. 2014).  The intermediate court explained that the term "conviction" carries a discrete legal connotation that is not generally understood to encompass juvenile adjudications. *See id.* at 582.  Indeed, the court observed, the Juvenile Act explicitly provides that such adjudications *are not* convictions.  *See* 42 Pa.C.S. §6354(a) (prescribing that "[a]n order of disposition or other adjudication in a proceeding under this chapter *is not a conviction of a crime*" (emphasis added)).

Furthermore, the Superior Court noted that a specific distinction is made, internally within the terms of Section 6105, between convictions and juvenile adjudications.  For example, the statute initially keys the firearms prohibition to convictions, then separately extends the proscription, per subsection (c)(7), to certain individuals who have been adjudicated delinquent.  Indeed, according to the intermediate court's rationale, acceptance of the Commonwealth's position would

---

(continued…)
unclear whether a supplemental charge ensued, since the proceedings carried over to another day, but no corresponding transcript has been provided.

[4] The arguments on this point were apparently developed during an off-the-record proceeding alluded to at the sentencing hearing.  *See* N.T., December 19, 2011, at 4.

[5] The court reasoned, in essence, that felony grading was the default requirement per Section 6105.  *See Commonwealth v. Hale*, No. CP-51-CR-0007307-2010, *slip op.* at 15 (C.P. Phila. Jan. 8, 2013).  This reasoning has not been pursued by the Commonwealth on appeal and is beyond the scope of the present allocatur grant.

render subsection (c)(7) entirely superfluous. *See Hale*, 85 A.3d at 582 ("[S]ubsection (c)'s inclusion of juvenile adjudications subjecting a person to violations of the persons not to possess a firearm crime would be unnecessary if convictions under subsection (b) subsumed delinquent acts."); *accord Commonwealth v. Thomas*, 743 A.2d 460, 468 (Pa. Super. 1999) (holding that adjudications of delinquency were not convictions for purposes of a recidivist sentencing statute).

The Superior Court acknowledged this Court's decision in *Commonwealth v. Baker*, 531 Pa. 541, 614 A.2d 663 (1992), which held that juvenile adjudications are admissible in capital sentencing proceedings in support of the aggravating circumstance that a defendant "has a significant history of felony convictions involving the use or threat of violence to the person," 42 Pa.C.S. §9711(d)(9). The court reasoned, however, that the provision of the Juvenile Act distinguishing adjudications and convictions was enacted after *Baker*'s issuance; the capital sentencing regime entails the application of discretion in the fact-finding process; juvenile proceedings lack the trappings of criminal trials; and post-*Baker* proceedings have continued to distinguish between convictions and juvenile adjudications. *See Hale*, 85 A.3d at 584; *accord Thomas*, 743 A.2d at 465-68. While recognizing that sentencing courts may consider prior delinquency adjudications when selecting the range of a sentence within the appropriate grade, the Superior Court concluded that judges are not permitted "to disregard the language of the persons-not-to-possess statute, render portions of that statute surplusage, and increase the grading of the offense to a second-degree felony." *Hale*, 85 A.3d at 585.

The Commonwealth sought allowance of appeal, which was granted to consider whether the Superior Court erred "by contradicting this Court's precedent holding that prior adjudications of delinquency are relevant at sentencing." *Commonwealth v. Hale*,

___ Pa. ___, 113 A.3d 1228 (2014) (*per curiam*). Our review of this legal issue is plenary.

Presently, the Commonwealth vigorously maintains that *Baker* establishes a broad-scale, bright-line rule "that adjudications of delinquency are convictions for purposes of sentencing." Brief for Appellant at 8. The Commonwealth highlights that Section 6105 repeatedly was amended after *Baker*'s issuance, yet the Legislature did not indicate that it intended a contrary approach to apply in the Section 6105 context. According to the Commonwealth, we should presume that the General Assembly intended the term "conviction" to subsume adjudications in all subsequent statutes addressing sentencing. *See id.* at 11 (citing, *inter alia*, *Hunt v. PSP*, 603 Pa. 156, 173 n.15, 983 A.2d 627, 637 n.15 (2009) (explaining that, "when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject intends the same construction to be placed upon such language")). Furthermore, the Commonwealth observes, the Assembly otherwise has sanctioned the use of juvenile adjudications in sentencing, *inter alia*, by acquiescing in sentencing guidelines that require them to be used to calculate prior record scores for adult offenders. *See, e.g.*, 42 Pa.C.S. §9721(b) (requiring sentencing courts to consider guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing); 204 Pa. Code §303.6(a) (explicitly providing for counting of certain "[p]rior juvenile adjudications" within a defendant's Prior Record Score in discretionary sentencing determinations). The Commonwealth additionally complains that the Superior Court seemed more interested with the several dissenting positions advanced in *Baker* than with the dispositive holding of the prevailing majority. *See* Brief for Appellant at 12-13 ("[W]hether an issue was 'hotly contested' is irrelevant to the decision's precedential

effect: *Baker* is a majority opinion of this Court that holds that a sentencer may consider adjudications of delinquency.").

Appellee, on the other hand, contends that this appeal is based upon a false premise interposed by the Commonwealth, *i.e.*, that the Superior Court held that previous juvenile adjudications are irrelevant at sentencing. *See Hale*, ___ Pa. at ___, 113 A.3d at 1228 (*per curiam*) (reflecting the question presented as framed by the Commonwealth in its allocatur petition). Rather, Appellee explains that the intermediate court explicitly held that previous adjudications of delinquency *are* relevant to certain aspects of sentencing. *See, e.g., Hale*, 85 A.3d at 585 ("[T]he court may sentence [Appellee] more harshly due to his prior juvenile record, but it must do so within the confines of a misdemeanor of the first-degree offense.").

On the merits, Appellee's arguments adhere closely to the Superior Court's rationale. He highlights the explicit distinction, made within Section 6105's own terms, between juvenile adjudication and convictions; the Juvenile Act's specific admonition that an adjudication "is not a conviction," 42 Pa.C.S. §6354(a); and the principle of statutory construction requiring penal provisions to be construed narrowly, *see* 1 Pa.C.S. §1928(b)(1). Appellee distinguishes *Baker* as discrete to the capital sentencing arena, involving a discretionary sentencing determination as opposed to a mandatory enhancement, and pertaining to a sentencing regime which does not internally distinguish between adjudications and convictions. Appellee observes that this Court has been careful to discuss *Baker*'s holding in terms specific to the death-penalty regime. *See, e.g., Commonwealth v. Hughes*, 581 Pa. 274, 330, 865 A.2d 761, 795 (2004) (discussing the *Baker* holding as pertaining "[i]n the context of the Death Penalty Statute" and "for purposes of establishing the aggravating circumstance that a defendant has a significant history of [violent] felony convictions").

Finally, Appellee alludes to this author's concern, as expressed in other cases, that *Baker*'s approach does not represent a narrow construction of the term "conviction," as is peculiarly required under federal constitutional principles regulating capital punishment. *See, e.g.*, Brief for Appellee at 20 n.4 (citing *Commonwealth v. Daniels*, ___ Pa. ___, ___ n.3, 104 A.3d 267, 322 n.3 (2014) (Saylor, J., concurring and dissenting)). Although Appellee maintains that it is unnecessary to address *Baker* on its own terms in order to resolve the present dispute, he asserts that "it is a decision ripe for reconsideration, for all the reasons stated by Chief Justice Saylor in *Daniels* as well as in the dissenting opinions of Justices Nix and Cappy" in *Baker*. *Id.*

Upon review, we agree with the Superior Court and Appellee on all of the material points discussed above. As noted, *Baker* arose in the context of a *discretionary* sentencing determination -- not a mandatory grading enhancement -- and certainly not an enhancement reposited within a statute that, on its terms, expressly distinguishes between convictions and adjudications.[6] Moreover, Appellee is also correct that the Commonwealth's framing of the issue overstates the breadth of the Superior Court's decision, since, as the intermediate court explained, juvenile adjudications retain their relevance to discretionary sentencing determinations precisely because their consideration is expressly provided for in the Sentencing Guidelines. *See, e.g.*, 204 Pa. Code §303.6(a). The controlling point here is that Section 6105 does not proceed, along any such lines, to predicate the misdemeanor-to-felony enhancement upon adjudications of delinquency. Indeed, as emphasized by the intermediate court and Appellee, the consequence of a juvenile adjudication is otherwise addressed within the four corners of the statute. *See* 18 Pa.C.S. §6105(c)(7).

---

[6] This Court oftentimes has explained that the holding of a decision must be read against its facts. *See, e.g.*, *Lance v. Wyeth*, 624 Pa. 231, 264, 85 A.3d 434, 453 (2014).

Accordingly, Section 6105 presents a context in which the legislative admonition that an adjudication of delinquency "is not a conviction" should be respected. 42 Pa.C.S. §6354(a).

The Supreme Court of the United States recently discussed considerations relevant to determining the constitutionally appropriate range of legal consequences attaching to the acts of minors in *Miller v. Alabama*, ___ U.S. ___, ___, 132 S. Ct. 2455, 2464-68 (2012) (touching upon a litany of empirical information supporting the Court's conclusion that "children are constitutionally different from adults for purpose of sentencing"). As a corollary, the case highlights the substantial policy considerations involved in determining culpability and the boundaries of attendant legal consequences for the actions of minors. In Pennsylvania, subject to the limits of the Constitution, such matters are generally reserved, in the first instance, to the General Assembly. *See, e.g.*, *Lance*, 624 Pa. at 264-65 & n.26, 85 A.3d at 454 & n.26 (recognizing that the General Assembly's ability to examine social policy issues and to balance competing considerations is superior to that of the judicial branch). For this reason, as well, we decline to superimpose the policy considerations underlying the *Baker* decision onto the mandatory enhancement requirement reposited in Section 6105(a.1)(1).

Here, we agree with the Superior Court and Appellee that the plain language of Section 6105(a.1)(1) should be enforced according to its terms. While this author maintains his own reservations about *Baker*, the present case is resolved more simply.

We hold that the concept of convictions, as embodied in Section 6105, does not encompass juvenile adjudications.

The order of the Superior Court is affirmed.

Messrs. Justice Eakin and Baer and Madame Justice Todd join this opinion.

Mr. Justice Stevens files a dissenting opinion.