J. A12038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :        PENNSYLVANIA
                v.              :
                                :
TERELL HALE,                    :    No. 2580 EDA 2016
                                :
            Appellant           :


Appeal from the Judgment of Sentence, March 23, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007307-2010


BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 10, 2018**

Terell Hale appeals from the March 23, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his resentencing on convictions of one count each of firearms not to be carried without a license, receiving stolen property, persons not to possess firearms, and carrying firearms on public streets in Philadelphia.[1]  The resentencing court imposed an aggregate sentence of 8 to 16 years of incarceration.  We affirm.

A previous panel of this court set forth the following:

> The facts giving rise to [a]ppellant's convictions involved a home invasion on April 10, 2010.  At approximately 1:45 a.m., [a]ppellant entered the home of five-month pregnant Shyeta Brown and her five-year-old son.  Appellant pointed a handgun at the

---

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 3925(a), 6105(a)(1), and 6108, respectively.

victim's face, told her and her child to shut up and ordered them to place their heads underneath a pillow. After the victim informed [a]ppellant that she did not have any money, he retrieved her keys and allowed two other men into the apartment. Appellant also placed the covers of the victim's bed over her and her son's head. The men asked Ms. Brown where she kept her money before taking her television and fleeing.

A neighbor heard the screams of Ms. Brown and her son and telephoned police. She observed two men standing outside the front door of the apartment, and later identified [a]ppellant's co-defendant, Andre Bassett. The neighbor witnessed the two men enter Ms. Brown's apartment after the door was opened. One of the men knocked on her door, and she informed them that police were on the way.

Police responded to the scene quickly and drove the victim around the neighborhood in an attempt to find the perpetrators. In addition, after learning of the report of the home invasion, Officer Rosario Capaccio saw a television located inside a fence in a front lawn approximately two blocks from the victim's residence. The victim identified the television as hers. Police set up surveillance in the area and witnessed a minivan approach. Despite it being near 3:00 a.m., the van's lights were not illuminated. Appellant and Andre Bassett exited the vehicle, and [a]ppellant attempted to retrieve the television. As police approached, [a]ppellant and Bassett began to walk away before running. Appellant attempted unsuccessfully to evade police by hiding between two cars. Upon opening the sliding door to the van, Detective Andrew Danks saw a black handgun on the floor of the vehicle. He later obtained a search warrant for the van and police recovered the weapon.

*Commonwealth v. Hale*, 85 A.3d 570, 572 (Pa.Super. 2014), *affirmed*,

*Commonwealth v. Hale*, 128 A.3d 781 (Pa. 2015).

The resentencing court set forth the following procedural history:

On April 4, 2010, [appellant] was arrested and charged with numerous counts of Robbery, Burglary, Receiving Stolen Property and various Weapons charges arising out of [the] armed home invasion. At the conclusion of his jury trial on October 3, 2011, before the Honorable Chris R. Wogan, [appellant] was convicted on the Weapons charges and the charge [of] Receiving Stolen Property. The jury was unable to reach a verdict on the remaining Burglary and Robbery charges, which were subsequently **nolle prossed** by the Commonwealth. On December 19, 2011, Judge Wogan imposed an aggregate sentence of incarceration of 12 years 4 months to 26 years 8 months. On March 12, 2012, Judge Wogan denied [appellant's] post[-]sentence motion for reconsideration of his sentence.

On April 3, 2012[, appellant] appealed his conviction and sentence to the Superior Court of Pennsylvania at 947 EDA 2012 . . . . On February 6, 2014 the Superior Court issued an order affirming [appellant's] conviction. [**Hale**, 85 A.3d 570.] However, the matter was remanded for resentencing, holding that a juvenile adjudication is not the equivalent of being convicted of a crime and, therefore, grading [appellant's] conviction for Possession of a Firearm by a Person Prohibited as an F1, instead of an M1, was improper. On March 10, 2014, the Commonwealth filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, . . . which by order dated December 21, 2015, affirmed the Superior Court's Order. [**Hale**, 128 A.3d 781.]

On March 23, 2016, the [trial] court[Footnote 1], on remand, sentenced [appellant] to consecutive periods of confinement in a state correctional facility of 3 years 6 months to 7 years on the charge of Carrying a Firearm Without a License pursuant to 18 Pa.C.S.A. § 6106, 1 to 2 years on the charge [of] Receiving Stolen Property pursuant to 18 Pa.C.S.A. § 3925(a), 2 years 6 months to 5 years on the charge of Possession of a Firearm by a Person Prohibited pursuant to 18 Pa.C.S.A. § 6105(a)(1) and 1 to 2 years on the charge [of] Carrying Firearms on Public

Streets of Philadelphia pursuant to 18 Pa.C.S.A. § 6108. [Appellant] was thus sentenced on remand to an aggregate period of confinement of 8 to 16 years. On April 4, 2016, [appellant] timely filed a post[-]sentence motion seeking reconsideration of his sentence, which the [trial c]ourt denied on July 13, 2016, after a hearing.

> [Footnote 1] Judge Wogan has since retired. Accordingly, this matter was reassigned for re-sentencing by another Judge.

On August 5, 2016, [appellant] timely filed [a] Notice of Appeal to the Superior Court of Pennsylvania. On August 16, 2016, the [trial c]ourt filed and served on [appellant] and counsel an Order pursuant to [Pennsylvania Rule of Appellate Procedure 1925(b)], directing [appellant] to file and serve a [concise] statement of Errors Complained of on Appeal, within twenty-one days of the court's order. On September 6, 2016, [appellant] filed his Statement of Errors . . . .

Resentencing court opinion, 5/4/17 at 1-3.

Appellant raises the following issues for our review:

1. Was not the total sentence of eight to sixteen years [of] incarceration manifestly unreasonable and excessive, insofar as the sentence was disproportionate to [appellant's] conduct[;] the court did not properly consider [appellant's] character, background, and capacity for rehabilitation[;] and the court unreasonably imposed three consecutive sentences for a single act of possessing a single gun?

2. Did not the sentencing court err and abuse its discretion in exceeding the Sentencing Guidelines without stating sufficient reasons on the record?

Appellant's brief at 3.

Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider

> and modify sentence, **see** Pa.R.Crim.P.
> [720]; (3) whether appellant's brief has a
> fatal defect, Pa.R.A.P. 2119(f); and
> (4) whether there is a substantial
> question that the sentence appealed from
> is not appropriate under the Sentencing
> Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal, properly preserved his sentencing challenge in a post-sentence motion seeking reconsideration of sentence, and included in his brief the requisite Rule 2119(f) statement. Consequently, we must now determine whether appellant raises a substantial question.

We determine whether an appellant raises a substantial question on a case-by-case basis. **Commonwealth v. Swope**, 123 A.3d 333, 338 (Pa.Super. 2015) (citation omitted). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

> In determining whether a substantial question exists,
> this Court does not examine the merits of whether the
> sentence is actually excessive. Rather, we look to
> whether the appellant has forwarded a plausible
> argument that the sentence, when it is within the
> guideline ranges, is clearly unreasonable.
> Concomitantly, the substantial question
> determination does not require the court to decide the
> merits of whether the sentence is clearly
> unreasonable.

*Id.* at 340 (citation omitted).

At the outset, we note that a previous panel of this court vacated appellant's judgment of sentence and remanded for resentencing after finding that the original sentencing court "erred in using [a]ppellant's juvenile adjudication to grade his person not to possess a firearm offense as a second-degree felony under [Section] 6105(a.1)(1)." *Hale*, 85 A.3d at 585. In so finding, this court noted that the resentencing court "may sentence [a]ppellant more harshly due to his prior juvenile record, but it must do so within the confines of a misdemeanor of the first-degree offense." *Id.* A first-degree misdemeanor is punishable by a term of incarceration up to 5 years. 18 Pa.C.S.A. § 1104. When the resentencing court resentenced appellant on the Section 6105(a)(1) conviction, it did so within the confines of a first-degree misdemeanor as directed by this court and imposed a term of incarceration of 2½ to 5 years. Therefore, the sentence on that conviction was statutorily permitted. We further note that the resentencing court reduced the periods of incarceration originally imposed on appellant's convictions under Sections 3925(a) and 6108 which reduced his original aggregate sentence of 12 years and 4 months to 26 years and 8 months to 8 to 16 years.

Appellant now complains that his aggregate sentence was manifestly unreasonable and excessive because it was disproportionate to his conduct; the resentencing court failed to properly consider appellant's character,

background, and capacity for rehabilitation; and because the resentencing court unreasonably imposed three consecutive sentences for a single act of possessing a firearm.

With respect to his disproportionality claim, appellant contends that his aggregate sentence of 8 to 16 years of incarceration is disproportionate to his conduct because he merely "possessed a handgun illegally, as well as a television that he knew or should have known was stolen." (Appellant's brief at 21.) Appellant's attempt to understate the facts giving rise to his convictions and resulting sentence fails to raise a substantial question for our review.

Appellant's claim that the resentencing court failed to properly consider appellant's character, background, and capacity for rehabilitation is equally unavailing. The record reflects that the resentencing court had the benefit of a PSI report and that appellant acknowledged that the information contained in the PSI was correct. (Notes of testimony, 3/23/16 at 19.) "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). In addition to the PSI, the resentencing court heard appellant's mitigating evidence, including his plans to work in community

service upon his release, his significant family support, his enrollment in GED classes while in prison, his completion of pre-vocational training, and his current mental health stability. (***Id.*** at 19-26.)

Appellant next complains that the resentencing court abused its discretion when it imposed consecutive sentences on his convictions under the Uniform Firearms Act[2] "due to the fact that [appellant] was given sentences for a single criminal act (in this case, possession of a firearm)," despite appellant's recognition that his conduct "violated three different subsections of the Uniform Firearms Act." (Appellant's brief at 23-24.) It is well settled that "[i]n imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." ***Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa.Super. 2005) (citations omitted).

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. ***Commonwealth v. Graham***, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995). . . . Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. ***Commonwealth v. Johnson***, 873 A.2d 704, 709 n.2 (Pa.Super. 2005); ***see also Commonwealth v. Hoag***, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (Pa.Super. 1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

---

[2] 18 Pa.C.S.A. §§ 6101-6127.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 586-587 (Pa.Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011), quoting *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa.Super. 2010). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id.* at 587, quoting *Gonzalez-Dejusus*, *supra*.

The aggregate sentence of 8 to 16 years' imprisonment is neither grossly disparate to appellant's conduct nor does it "viscerally appear as patently 'unreasonable.'" *Id.* at 589, quoting *Gonzalez-Dejusus*, *supra*. Given the serious nature of appellant's crimes, consecutive sentences were warranted. There is nothing to review here.

Appellant finally complains that the resentencing court erred and abused its discretion in exceeding the sentencing guidelines on the persons not to possess firearms conviction without stating sufficient reasons on the record. The resentencing court, however, complied with this court's instructions on remand and resentenced appellant on that conviction within the confines of a misdemeanor of the first-degree offense, which is punishable by a term of incarceration up to 5 years. In imposing sentence, the resentencing court also stated that it considered the notes of testimony from the transcript of the original sentence, as well as the evidence that was presented at the resentencing hearing, which was mitigating evidence presented by appellant,

to impose a sentence "not as severe" as the original sentence and, in the aggregate, within the guidelines. (Notes of testimony, 3/23/16 at 28-29.) The resentencing court also stated that appellant continued to show no remorse for his actions or his crimes. (Resentencing court opinion, 5/4/17 at 6.) Appellant has already served 6 years of his sentence. Appellant has failed to raise a substantial question for our review.

In closing, we note that the Commonwealth does not oppose a remand for placement of additional reasons on the record for the above-guidelines-range sentence for persons not to possess firearms. While we do not agree with the Commonwealth's suggestion, we further note that the Commonwealth would also expect the trial court to impose the same sentence that it originally imposed. We find this to be unnecessary.

Judgment of sentence affirmed.


Ott, J. joins this memorandum.

Bowes, J. concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/18