J-S31023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REYNALDO FLORES | : | |
| | : | |
| Appellant | : | No. 219 MDA 2020 |

Appeal from the PCRA Order Entered January 14, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004090-2010

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.                    **FILED AUGUST 18, 2020**

Appellant, Reynaldo Flores, appeals *pro se* from the January 14, 2020 PCRA court Order dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

On September 29, 2011, the trial court found Appellant guilty after a bench trial of numerous offenses, including Persons not to Possess a Firearm and Firearms not to be Carried Without a License.[2] The court sentenced Appellant to an aggregate term of 4½ to 10 years' incarceration.

This Court affirmed the Judgment of Sentence on October 3, 2012. **Commonwealth v. Flores**, 62 A.3d 449 (Pa. Super. 2012) (unpublished

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 6105(a)(1) and 6106, respectively.

memorandum). Appellant did not seek further appellate review and, thus, his Judgment of Sentence became final on November 2, 2012.[3] Appellant's first PCRA Petition, timely filed on January 29, 2013, garnered no relief.

On September 15, 2016, over a year after his Judgment of Sentence became final, Appellant *pro se* filed the instant second PCRA Petition, followed by a *pro se* amended Petition on July 30, 2019.[4] Appellant raised several claims in this Petition including a challenge to the legality of his sentence based on ***Alleyne v. United States***, 570 U.S. 99 (2013), and a claim of ineffective assistance of counsel.

On November 7, 2019, the PCRA court issued an Order and Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response, substituting a legality of sentence claim based on ***Commonwealth v. Hale***, 128 A.3d 781 (Pa. 2015)[5] for his claim based on ***Alleyne***.[6]

---

[3] Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

[4] Between September 15, 2016 and July 30, 2019, the court held several hearings on Appellant's Motions for the Appointment of Counsel. The PCRA court ultimately concluded Appellant was not entitled to counsel for this second Petition. On July 9, 2019, the court granted Appellant's Motions to Amend and for Extension of Time.

[5] The ***Hale*** court held that juvenile adjudications cannot be considered in grading an adult offender's firearms possession conviction.

[6] Appellant does not discuss or develop a claim based on ***Alleyne*** on appeal and, therefore, this argument is waived. ***See*** Pa.R.A.P. 2119(a) (requiring argument section of brief to present discussion and citation of pertinent authority).

On January 14, 2020, the court dismissed Appellant's Petition as untimely, and finding that Appellant failed to plead and prove any of the exceptions to the PCRA time bar. Trial Ct. Op., 1/14/20, at 3 (unpaginated). The court reasoned that new case law does not constitute a newly-discovered fact.[7] *Id.* at 1-2.

Appellant timely filed a Notice of Appeal and both Appellant and the court complied with Pa.R.A.P. 1925. Appellant presents two issues, one challenging the legality of his sentence imposed for one of his firearms convictions, and the other asserting ineffective assistance of trial and PCRA counsel. *See* Appellant's Br. at 5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). As stated above, the PCRA court found that Appellant did not timely file his petition, and he failed to plead and prove a timeliness exception under 42 Pa.C.S. § 9545(b)(1).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. The time-bar requires that "any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness

_____

[7] The PCRA court alternatively concluded that Appellant waived his issues, or the issues raised were meritless.

requirement enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 784 (Pa. Super. 2008). Here, Appellant seeks to invoke the newly-discovered facts exception. 42 Pa.C.S. § 9545(b)(1)(ii).

The newly-discovered facts exception allows review of a facially untimely petition if the petitioner's claim is supported by facts that were previously unknown to the petitioner, and the petitioner could not have ascertained those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-74 (Pa. 2007) (describing the proper application of the "newly-discovered facts" exception). Our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under Section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).

Additionally, we recognize that that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000).

In his first issue, Appellant argues, in essence, that the PCRA court erred in dismissing his legality of sentence claim as untimely because he filed the amendment to his second PCRA Petition within one year of learning from a fellow prisoner about *Hale*. He argues that his discovery of *Hale* is a new fact, and, therefore, his Petition falls within the newly-discovered facts exception

- 4 -

to the PCRA time bar.[8] Appellant's Br. at 13. However, subsequent decisional law does not amount to a new fact under the PCRA, and, thus, Appellant's reliance on **Hale** fails to satisfy the subsection (b)(1)(ii) timeliness exception.

With respect to ineffective assistance of counsel, Appellant makes no attempt to plead and prove that this claim falls within any of the exceptions to the PCRA's one-year filing requirement. As discussed above, an ineffective assistance of counsel claim, in and of itself, does not create an exception to the PCRA jurisdictional requirements.

Accordingly, we agree with the PCRA court that Appellant's Petition is facially untimely and he did not plead and prove an applicable exception to the PCRA's time bar. We are therefore without jurisdiction to review the merits of the issues raised.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/18/2020

---

[8] In his amended Petition, Appellant invoked the newly recognized constitutional right exception in addition to the newly-discovered facts exception. PCRA Petition, 7/30/19, at 3. **See** 42 Pa.C.S. § 9545(b)(1)(iii). He does not discuss or develop this exception on appeal and, therefore, this argument is waived. **See** Pa.R.A.P. 2119(a).