**[J-44-2021] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 37 EAP 2020 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on June 22, |
| | : | 2020 at No. 364 EDA 2019 affirming |
| v. | : | the Order entered on January 16, |
| | : | 2019 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal |
| AARON BRADLEY, | : | Division, at No. CP-51-CR-0010497- |
| | : | 2012. |
| Appellant | : | |
| | : | SUBMITTED: April 7, 2021 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: October 20, 2021**

I fully join the thorough, insightful, and well-reasoned majority opinion. I write separately to add several points of amplification, and also to express my respectful disagreement with both the dissenting opinion of Justice Mundy and the concurring opinion of Justice Wecht.

The majority holds that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." Majority Opinion at 33. Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to do so." The majority's holding, like any holding, must be read against the facts of the

case. *See Commonwealth v. Hale*, 128 A.3d 781, 785 n.6 (Pa. 2015) ("This Court oftentimes has explained that the holding of a decision must be read against its facts."); *Commonwealth v. Johnson*, 86 A.3d 182, 189 (Pa. 2014) ("Of course, every decision must be read against its facts[.]"). The facts here are that appellant filed a timely, counseled first PCRA petition. After this petition was dismissed, he filed a timely appeal from the dismissal. On PCRA appeal, appellant was represented by new counsel, who raised claims of prior PCRA counsel's ineffectiveness. *See* Majority Opinion at 3-4. Thus, under the facts of this case, the "first opportunity" to raise claims of ineffective assistance of initial PCRA counsel was on a timely appeal from the dismissal of a timely first PCRA petition, not in a second PCRA petition filed out of time.

Moreover, our approach "does not sanction extra-statutory serial petitions." *Id.* at 36. And, we reject the argument that claims of ineffective assistance of PCRA counsel may be raised in an untimely successive petition pursuant to the unknown facts exception to the PCRA time-bar. *See id.* at 37-38 n.18. Further, our new rule allows PCRA counsel ineffectiveness claims to be raised on collateral appeal, rather than in a serial PCRA petition. *See id.* at 34 ("Initially, this approach – allowing claims of ineffective assistance of PCRA counsel to be raised **on appeal** – has the benefit of retaining in most instances our 20-year-old decision in [*Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002).]") (emphasis added); *id.* ("[O]ur approach breaks with *Grant* and its progeny to some degree, as it now allows claims of PCRA ineffectiveness to be raised **on appeal**[.]") (emphasis added); *id.* at 37 ("[W]e deem the consideration on **collateral appeal** of claims of PCRA counsel ineffectiveness to spring from the original petition itself[.]") (emphasis added); *id.* at 37 ("[W]e reject the notion that considering ineffectiveness claims on

**collateral appeal** constitutes a prohibited serial petition[.]") (emphasis added). The majority opinion emphasizes we have created a "singular collateral review construct" that "stands in stark contrast to the specter of multiple post-conviction proceedings[.]" *Id.* at 37.

Given the facts of this case, as well as the language of the majority opinion, it is clear the Court today has not fashioned an exception to the PCRA time-bar for untimely petitions representing the "first opportunity" to challenge the competence of prior PCRA counsel. Indeed, it is well-settled under our precedent that "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Eller*, 807 A.2d 838, 845 (Pa. 2002). *Accord Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011); *Commonwealth v. Hackett*, 956 A.2d 978, 983-84 (Pa. 2008); *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004); *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

The majority opinion notes the "arbitrariness" of allowing only petitioners represented by new counsel, or proceeding *pro se*, to raise claims of PCRA counsel ineffectiveness on appeal will be militated by PCRA counsel advising their clients of the option of challenging counsel's performance. *See* Majority Opinion at 38. Notice from the PCRA court would also protect against this concern. Our rules of criminal procedure already require the PCRA court, upon dismissal of a PCRA petition, to advise the petitioner of his right to appeal and the time limits for doing so. *See* Pa.R.Crim.P. 907(4); Pa.R.Crim.P. 908(E). This information could be supplemented by advising counseled petitioners they can raise claims of PCRA counsel ineffectiveness on appeal if they obtain

new counsel or represent themselves. A petitioner so advised by the court, like a petitioner informed by counsel of the option to challenge PCRA counsel's effectiveness, would have no cause to complain he was capriciously denied this opportunity.

As the majority readily acknowledges, the Court today is "rulemaking" in the "adjudicatory setting[,]" which is "not always the most optimal" context for formulating a new rule. Majority Opinion at 1 n.2. Indeed, there is much to recommend rulemaking through our rules committees process rather than through resolution of a specific case. Members of the rules committees are selected by this Court for their good judgment and expertise. They generally have varied backgrounds and bring diverse viewpoints and perspectives to their work. The committees operate by consultation and consensus. They receive outside input through the public notice and comment process. They are empowered to empanel special subcommittees to focus on specific issues. *See* Brief of *Amicus Curiae* Office of Attorney General at 2-3. In light of these and other benefits, I believe rulemaking should generally be accomplished whenever possible through referral to our rules committees.

Nonetheless, under the particular circumstances here, I agree with the majority's adjudicatory rulemaking, and respectfully disagree with Justice Mundy that we should simply "refer this matter to our rules committees[.]" Dissenting Opinion at 1. In a situation like this one, where the Court has specifically inquired about this difficult issue but the formal rulemaking process has not resulted in meaningful movement on the matter, I share the majority's view that "we ought not to countenance any further delay." Majority Opinion at 39. It is past time for the Court to address this area in which "[a]ll parties . . .

acknowledge that the current approach is inadequate, and that revisions are in order[.]" *Id.* at 1.

Finally, I note my respectful disagreement with Justice Wecht's prediction that "today's decision . . . inevitably will prompt a spate of petitions to this Court asserting new claims of attorney ineffectiveness arising from the intermediate appellate proceedings." Concurring Opinion at 1-2. The new rule promulgated by the Court concerns claims of ineffective assistance in the PCRA court, not on PCRA appeal, as Justice Wecht himself acknowledges. *See id.* at 1 ("The learned Majority does not address the additional complications that attend challenges to counsel's stewardship at this level of the PCRA appellate process[.]"). Moreover, today's decision reaffirms the longstanding rule that "'counsel cannot argue his or her own ineffectiveness.'" Majority Opinion at 28, *quoting Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011). Thus, only those petitioners who obtain new counsel or elect to proceed *pro se* following the conclusion of their Superior Court appeals would even theoretically be able to take advantage of the Court's new procedure. Furthermore, the approach we have adopted requires petitioners to raise claims of PCRA counsel ineffectiveness at the "first opportunity to do so." *Id.* at 33. In some cases, the first opportunity to challenge the representation of PCRA appeal counsel will not be in a petition for allowance of appeal filed with this Court, but rather in a reargument petition filed in the Superior Court. *See* Pa.R.A.P. 2543. Considering the limits of what we have decided today, I cannot concur in Justice Wecht's forecast of "gathering clouds on the horizon" for this Court. Concurring Opinion at 1.

With these points of emphasis, I join in full the excellent majority opinion.