J-S33008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY RANDELL MULLIGAN | : | |
| | : | |
| Appellant | : | No. 41 WDA 2023 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003020-2006

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED: December 6, 2023**

Appellant, Jeremy Randell Mulligan, appeals *pro se* from the post-conviction court's December 1, 2022 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the pertinent background of Appellant's case, as follows:

> On May 16, 2007, following a jury trial, [Appellant] was convicted of Attempted Homicide, Aggravated Assault, Recklessly Endangering Another Person, Firearms Not to Be Carried Without a License, and Possessing an Instrument of Crime.[1]  On July 2, 2007, the Honorable William R. Cunningham, now retired, sentenced [Appellant] to an aggregate of 23½ to 47 years of incarceration.  On October 17, 2008, the Superior Court affirmed the judgment of sentence.  **See Commonwealth v. Mulligan**, 964 A.2d 442 (Pa. Super. 2008) ([unpublished memorandum]).

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.[] §§ 901(a)/2501(a), 2702(a)(1), 2705, 6106(a)(1), and 907(b), respectively.

[Appellant] filed his first two PCRA petitions in 2009 and 2010. Counsel was appointed for both petitions. The [c]ourt permitted counsel on the second petition to withdraw after the dismissal of the petition was under appeal, following a *Grazier*[1] hearing. The PCRA [c]ourt dismissed both petitions, and the Superior Court affirmed the Orders dismissing the petitions. *See Commonwealth v. Mulligan*, 23 A.3d 597 (Pa. Super. 2010) ([unpublished memorandum]); *Commonwealth v. Mulligan*, 47 A.3d 1242 (Pa. Super. 2012) ([unpublished memorandum]), *appeal denied*, 50 A.3d 125 (Pa. 2012).

In May of 2017, [Appellant] filed his third PCRA petition with the assistance of counsel. In the third PCRA [petition], [Appellant] raised various claims of ineffective assistance of trial counsel, including the claim [that] trial counsel was ineffective for failure to object to the jury instruction on attempted murder, and previous PCRA counsel[s] were ineffective for failing to raise the claim of trial counsel's effectiveness. [Appellant] asserted the third PCRA [petition] was timely on the basis of equitable tolling of the PCRA statute and [Appellant] had diligently pursued his rights through direct appeal and multiple prior PCRA[ petition]s. In July of 2017, the PCRA [c]ourt issued a [Pa.R.Crim.P.] 907 Notice of Intent to Dismiss [the] PCRA [petition]. Inadvertently, however, the PCRA [c]ourt did not issue a final Order dismissing the PCRA [petition].

On June 15, 2018, while the third PCRA [petition] was still pending and while [Appellant] remained represented by counsel, [Appellant] filed a *pro se* "Petition for Modification of Relief" requesting RRRI[2] status. The [c]ourt treated the filing as [Appellant's] fourth PCRA [petition], and on June 20, 2018[, it] issued [a] Rule 907 Notice of Intent to Dismiss. On July 24, 2018, the [c]ourt issued a final order dismissing what it had deemed to be the fourth PCRA [petition]. In September of 2018, [Appellant], through counsel, filed a notice of appeal from "the RRRI Order[."] The only issues raised on appeal related to the third PCRA

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[2] Recidivism Risk Reduction Incentive Act, 61 Pa.C.S. §§ 4501-4512.

[petition] which, in actuality, remained pending before the PCRA [c]ourt.

On appeal, the Superior Court vacated the PCRA [c]ourt's Order dismissing the *pro se* "RR[R]I Petition" (which the PCRA [c]ourt had deemed to be the fourth PCRA) on the basis the third PCRA [petition] was still pending, and the *pro se* filings were without legal effect because [Appellant] was still represented by counsel. The Superior Court remanded the case for further proceedings consistent with its memorandum decision. ***See Commonwealth v. Mulligan***, [225 A.3d 1148 (Pa. Super. 2019)].

Accordingly, on March 17, 2020, the undersigned[,] to whom the matter had been reassigned[,] issued a final Order dismissing the third PCRA [petition] (filed on May 24, 2017) for the reasons set forth in the Rule 907 Notice of Intent to Dismiss filed by Judge Cunningham on July 6, 2017. The Superior Court affirmed the dismissal of the third serial PCRA [petition]. ***See Commonwealth v. Mulligan***, [262 A.3d 459 (Pa. Super. 2021) (unpublished memorandum)]. On February 16, 2022, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal. ***See Commonwealth v. Mulligan***, [272 A.3d 1291 (Pa. 2022)].

On September 19, 2022, [Appellant] filed a *pro se* PCRA [petition], his fourth[, which underlies the present appeal]. Therein, [Appellant] relies on ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), for the proposition [Appellant] may now raise claims of trial and/or prior PCRA counsel's alleged ineffectiveness. ***See*** PCRA [Petition,] 9/19/22, [at] 6, 9-11, 12.

PCRA Court Rule 907 Notice, 10/5/22, at 1-3.

On October 5, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it is untimely. Appellant filed a *pro se* response, but on December 1, 2022, the court issued an order dismissing his petition. He filed a timely, *pro se* notice of appeal, and complied with the PCRA court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On March 20, 2023, the court filed a Rule 1925(a) opinion, concluding that the

issues raised in Appellant's concise statement were adequately addressed in its Rule 907 notice.

Herein, Appellant does not set forth in his appellate brief any Statement of the Questions Presented, as required by Pa.R.A.P. 2116. That rule makes clear that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Thus, he has waived his issues for our review.

Nevertheless, even if we overlooked Appellant's briefing error, we would affirm the court's dismissal of his untimely petition. This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2008, after this Court affirmed his judgment of sentence and he did not seek further review with our Supreme Court.  Consequently, his present petition, filed in 2022, is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that our Supreme Court's decision in *Bradley* permits him to raise, even in his untimely petition, a challenge to the effectiveness of his prior PCRA attorneys, as well as layered claims of

ineffectiveness regarding his trial counsel. In rejecting this claim, the PCRA

court reasoned:

> "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within one year of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000); **Commonwealth v. Taylor**, 933 A.2d 1035, 1039 (Pa. Super. 2007). **See also**[] 42 Pa.C.S.[] § 9545(b)(1), (2). It is [Appellant's] burden to allege and prove one of the timeliness exceptions applies. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-1268 (Pa. 2008). A claim of ineffectiveness of counsel does not save an otherwise untimely PCRA petition. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)[;] **Commonwealth v. Carr**, 68 A.2d 1164 (Pa. Super. 2001).
>
> [Appellant] does not plead or prove an exception to the timeliness rule. In the PCRA [petition], [Appellant] implies a new exception to the timeliness rule was carved out by … **Bradley**, **supra**. [Appellant's] reliance upon … **Bradley** is misplaced. **Bradley** did not abrogate the Pennsylvania Supreme Court decision of … **Fahy**, 737 A.2d [at] 223 … ([concluding that a] claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits). As the majority in **Bradley** stated, "[u]nder the PCRA, ineffective assistance of counsel is one of the enumerated errors entitling a defendant to relief so long as the other conditions of the PCRA are met." … **Bradley**, 261 A.3d [at] 390…. The jurisdictional timeliness requirement is one such condition of the PCRA. **See** 42 Pa.C.S.[] § 9545(b)(1). As Justice Dougherty in the concurring opinion in **Bradley** explained:
>
>> Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to do so." The majority's holding, like any holding, must be read against the facts of the case. **See Commonwealth v. Hale**, … 128 A.3d 781, 785 n.6 ([Pa.] 2015) ("This Court

- 6 -

oftentimes has explained that the holding of a decision must be read against its facts."); ***Commonwealth v. Johnson***, … 86 A.3d 182, 189 ([Pa.] 2014) ("Of course, every decision must be read against its facts[.]").  The facts here are that [the] appellant filed a timely, counseled first PCRA petition.  After this petition was dismissed, he filed a timely appeal from the dismissal.  On PCRA appeal, [the] appellant was represented by new counsel, who raised claims of prior PCRA counsel's ineffectiveness.  ***See*** Majority Opinion at 384-85.  Thus, under the facts of this case, the "first opportunity" to raise claims of ineffective assistance of initial PCRA counsel was on a timely appeal from the dismissal of a timely first PCRA petition, not in a second PCRA petition filed out of time.

\*\*\*

Given the facts of this case, as well as the language of the majority opinion, it is clear ***the Court today has not fashioned an exception to the PCRA time-bar for untimely petitions*** representing the "first opportunity" to challenge the competence of prior PCRA counsel.  Indeed, it is well- settled under our precedent that "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Eller***, … 807 A.2d 838, 845 ([Pa.] 2002).  ***Accord Commonwealth v. Watts***, … 23 A.3d 980, 983 ([Pa.] 2011); ***Commonwealth v. Hackett***, … 956 A.2d 978, 983-84 ([Pa.] 2008); ***Commonwealth v. Cruz***, … 852 A.2d 287, 292 ([Pa.] 2004); ***Commonwealth v. Robinson***, … 837 A.2d 1157, 1161 ([Pa.] 2003).

… ***Bradley***, 261 A.3d at … 406-[]07 (Concurring Opinion by Justice Dougherty) [(emphasis added)].

As discussed, for a PCRA [petition] at this docket to be timely, it needed to be filed by November 17, 2009, one year after the judgment of sentence became final.  ***See*** 42 Pa.C.S.[] § 9545(b)(1).  This PCRA [petition,] filed on September 19, 2022, is untimely by approximately twelve years and two months.  No exception to the timeliness rule has been satisfactorily pled and proven.

PCRA Court Rule 907 Notice at 4-5.

We agree with the PCRA court. As this Court has consistently declared,

> ***Bradley*** … did not announce a new constitutional right, much less one applicable retroactively. ***See, e.g.***, ***Commonwealth v. Johnson***, [No. 696 EDA 2022, unpublished memorandum at *4] (Pa. Super. [filed Mar. 7,] 2023) … (noting [that,] "[a]lthough [***Bradley***] did not specifically address the timeliness exception upon which [the] [a]ppellant relies, it is clear ***Bradley*** did not recognize a new constitutional right[]"…); ***Commonwealth v. Dixon***, [290 A.3d 702] (Pa. Super. 2022) (unpublished memorandum) (holding [that] ***Bradley*** does not trigger the timeliness exception of [s]ection 9545(b)(1)(iii)); ***Commonwealth v. Parkinson***, [No. 1286 EDA 2022, unpublished memorandum at *3] (Pa. Super. [filed Oct. 6,] 2022) (holding [that] "***Bradley*** did not create a new, non-statutory exception to the PCRA time bar[]"…).
>
> Furthermore, this Court has continually declined to extend the holding of ***Bradley*** to cases involving untimely petitions, like the instant one. ***See, e.g.***, ***Commonwealth v. Stahl***, [292 A.3d 1130, 1135-36] (Pa. Super. 2023) (concluding that "[n]othing in ***Bradley*** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel[]"…); ***Commonwealth v. Mead***, [277 A.3d 1111] (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 118 (Pa. 2022) (emphasizing that ***Bradley*** involved a timely first PCRA petition and did not apply to [the] appellant's appeal from order denying his untimely petition); ***Commonwealth v. Morton***, [292 A.3d 1075] (Pa. Super. 2023) (unpublished memorandum) (holding that [the] appellant's reliance on ***Bradley*** does not afford relief in his appeal from the denial of his untimely second PCRA petition); ***Commonwealth v. Gurdine***, [273 A.3d 1076] (Pa. Super. 2022) [(unpublished memorandum)] (same).

*Commonwealth v. Ruiz-Figueroa*, No. 1531 EDA 2022, unpublished memorandum at *2-3 (Pa. Super. filed June 22, 2023).[3]  Accordingly, Appellant has failed to prove that any exception applies to his untimely PCRA petition.  Thus, the court did not err in dismissing it.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/6/2023

_____

[3] *See* Pa.R.A.P. 126(b) (stating that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).