J-A14042-22

2022 PA Super 114

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL D. CHISEBWE | : | |
| | : | |
| Appellant | : | No. 1582 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-SA-0000018-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL D. CHISEBWE | : | |
| | : | |
| Appellant | : | No. 1583 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-SA-0000019-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL D. CHISEBWE | : | |
| | : | |
| Appellant | : | No. 1584 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-SA-0000020-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |

:
:
DANIEL D. CHISEBWE                           :
:
        Appellant             :        No. 1585 MDA 2021

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-SA-0000021-2021


BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED:  JUNE 28, 2022**

Appellant Daniel D. Chisebwe appeals from the judgment of sentence entered by the Court of Common Pleas of Union County.  We affirm.

Appellant was charged with four summary offenses: Driving in excess of the maximum speed limit (75 Pa.C.S.A. § 3362(a)(2)), Driving without required financial responsibility (75 Pa.C.S.A. § 1786(f)), Failure to carry and exhibit driver's license on demand (75 Pa.C.S.A. § 1511), and Registration card to be signed and exhibited on demand (75 Pa.C.S.A. § 1311).

On July 3, 2021, Pennsylvania State Trooper Tyler Arbogast was conducting stationary radar speed enforcement alongside the northbound lane of Route 15 in White Deer Township.  Trooper Arbogast was in uniform and was sitting in a marked police unit.  Notes of Testimony (N.T.), 11/4/21, at 6.

At approximately 8:21 p.m., Trooper Arbogast observed a silver Toyota sedan traveling at a high rate of speed.  Trooper Arbogast activated his radar

---

[*] Former Justice specially assigned to the Superior Court.

unit and measured the vehicle's speed to be 70 miles per hour (mph) in a posted 55 mph zone. *Id*. at 10.

As such, Trooper Arbogast turned on the overhead lights on the patrol car and initiated a stop of the vehicle on the shoulder of Route 15. *Id*. When Trooper Arbogast approached the vehicle, he identified himself as a Pennsylvania State Trooper and informed the driver of the reason for the stop. *Id*. Trooper Arbogast identified Appellant as the driver of the vehicle. *Id*.

Thereafter, when Trooper Arbogast asked Appellant to provide his driver's license, registration, and proof of insurance, Appellant refused to do so. *Id*. at 11. Instead, Appellant began to argue with Trooper Arbogast about his legal rights and asked to see a lawyer. *Id*. Trooper Arbogast explained to Appellant that he was not under arrest and that a driver is required by the statutory provisions of Title 75 (the Vehicle Code) to identify himself and provide the requested documentation.[1] *Id*.

Appellant then complained to Trooper Arbogast that he was not read his *Miranda* rights in violation of constitutional law. *Id*. Trooper Arbogast clarified again that Appellant was not under arrest and was not entitled to *Miranda* rights. Appellant continually repeated, "[i]s this going to be held

---

[1] Section 1511 of the Vehicle Code provides that "[e]very licensee shall possess a driver's license issued to the licensee at all times when driving a motor vehicle and shall exhibit the license upon demand by a police officer, and when requested by the police officer the licensee shall write the licensee's name in the presence of the officer in order to provide identity." 75 Pa.C.S.A. § 1511. As will be discussed *infra*, similar provisions of the Vehicle Code require drivers to provide their vehicle registration and proof of insurance upon the demand of a police officer. *See* 75 Pa.C.S.A. §§ 1311, 1786.

against me in a court of law?" *Id*. Trooper Arbogast warned Appellant that if he did not provide the requested information, Trooper Arbogast would take him back to the police station to be identified. *Id*.

As Appellant refused to cooperate with this request, Trooper Arbogast sought the assistance of an additional trooper who arrived ten minutes after the traffic stop had been initiated. *Id*. at 12. Both troopers pled with Appellant to provide his information, but he still refused and began to argue that he was not speeding. *Id*.

Trooper Arbogast summoned two additional troopers to the scene, including Corporal Ty Brininger. *Id*. After twenty minutes had elapsed since the initial stop, the troopers again advised Appellant that if he continued to refuse to provide the requested documentation, the troopers would remove Appellant from his vehicle and take him to the police station for identification purposes. *Id*. Appellant still refused to cooperate. *Id*.

Twenty-five minutes into the stop, when the troopers approached Appellant to remove him from the vehicle, Appellant provided the officers with his driver's license and registration along with an insurance card that had expired in April 2021. *Id*. at 12-13.

On September 3, 2021, Appellant was convicted of the aforementioned charges by a magisterial district judge. After Appellant filed timely appeals to the Court of Common Pleas, the trial court held a summary appeal hearing. At the conclusion of the hearing, the trial court convicted Appellant on all four summary charges. Appellant timely filed four separate notices of appeal.

Appellant raises the following issues for our review on appeal:

1. Did error occur where Appellant was convicted of 75 Pa.C.S.A. Sec. 3362, Maximum Speed Limits, but the charging document did not accurately reflect the vehicle at issue and thus all elements of the case could not be established beyond a reasonable doubt, thus necessitating an acquittal?

2. Did error occur where Appellant was convicted of 75 Pa.C.S.A. Sec. 1786(f), Operation of a Motor Vehicle Without Required Financial Responsibility, but the testimony did not establish that he lacked insurance, it was merely alleged that an older card was produced?

3. Did error occur where Appellant was convicted of 75 Pa.C.S.A. Sec. 1511(a), Carrying and Exhibiting Driver's License on Demand, despite testimony showing that he ultimately provided a license?

4. Did error occurred [sic] where Appellant was convicted of 75 Pa.C.S.A. Sec. 1311(a), Registration Card to be Signed and Exhibited on Demand, despite testimony showing that he ultimately provided a registration card and there was no testimony regarding a lack of a signature?

Appellant's Brief, at 12 (renumbered for review).

All four of Appellant's arguments on appeal are challenges to the sufficiency of the evidence supporting his summary convictions. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Holt***, 270 A.3d 1230, 1233 (Pa.Super. 2022) (citations omitted).

Appellant first challenges his conviction for speeding pursuant to 75 Pa.C.S.A. § 3362 ("Maximum speed limits"). Appellant specifically claims the charging document did not accurately describe the vehicle at issue as it listed his vehicle as a Toyota Camry when in fact it was a Toyota Corolla.

However, the evidence presented at the summary hearing was sufficient to show the Commonwealth had proven all the necessary elements of this offense. This Court has held that:

[t]o sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt: (1) that an accused was driving in excess of the applicable speed limit, (2) that the speed timing device was approved by the Department of Transportation and, (3) that it had been tested for accuracy by an approved testing station.

***Commonwealth v. Hamaker***, 541 A.2d 1141, 1142 (Pa.Super. 1988) (footnotes and citation omitted).

Appellant does not challenge the fact that Trooper Arbogast used a radar unit to measure the speed of Appellant's vehicle to be 70 mph in a posted 55 mph zone. In addition, Appellant does not dispute that the speed timing

device had been approved by the Department of Transportation or that it had been properly tested for accuracy by an approved testing station.[2]

While Appellant places emphasis on the fact that the charging document incorrectly listed his vehicle as a Toyota Camry instead of a Toyota Corolla, we find this *de minimis* inaccuracy does not entitle Appellant to an acquittal as it in no way affected the Commonwealth's ability to prove the necessary elements to support a violation of Section 3362 of the Vehicle Code. As such, this sufficiency challenge has no merit.[3]

Second, Appellant argues there was insufficient evidence to sustain his conviction under 75 Pa.C.S.A. § 1786(f) ("Required financial responsibility") for operating his vehicle without proof of insurance. While Appellant notes that he ultimately produced an expired insurance card, he claims the Commonwealth failed to meet its burden to "establish the vehicle in question is one for which financial responsibility is required." Appellant's Brief, at 19.

Section 1786(a) of the Vehicle Code provides that "[e]very motor vehicle of the type required to be registered under this title which is operated

---

[2] The Commonwealth presented a Certificate of Accuracy showing the radar unit had been calibrated within one year of the traffic citation and the PA Bulletin showing the radar unit was an approved testing device. N.T. at 6-9.
[3] Moreover, Trooper Arbogast explained that when he entered Appellant's vehicle registration number into the TraCS database used to issue the citation, the database prefilled the form with the model of his vehicle as a Camry. Trooper Arbogast testified that he was unable to change the citation at that point to list the vehicle as a Corolla.

or currently registered shall be covered by financial responsibility." 75 Pa.C.S.A. § 1786(a). In addition, Section 1786(c) states that

> upon registering a motor vehicle or renewing a motor vehicle registration, the owner of the motor vehicle shall be deemed to have given consent to produce proof, upon request, to the Department of Transportation or a police officer that the vehicle registrant has the financial responsibility required by this chapter.

75 Pa.C.S.A. § 1786(c).

While Appellant claims that the Commonwealth failed to show that financial responsibility was required for his Toyota Corolla, Appellant does not dispute that his vehicle was registered with the Department of Transportation. Thus, Appellant's argument has no merit as Section 1786 specifically provides that a vehicle that is required to be registered must be covered by financial responsibility.

Further, Section 1786(f) provides that "[a]ny owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter." 75 Pa.C.S.A. § 1786(f). We also note that Section 1786 allows as a defense for a driver to present "at the office of the issuing authority within five days of the date of the violation, proof that he possessed the required financial responsibility at the time of the violation." 75 Pa.C.S.A. § 1786(g)(1).

As noted above, Appellant was required to insure his Toyota Corolla and failed to produce any proof that his vehicle was insured at the time he was

cited for operating his vehicle without the required financial responsibility. Therefore, Appellant's conviction under Section 1786 was supported by sufficient evidence.

Appellant's third and fourth claims are interrelated. In his third claim, Appellant challenges the sufficiency of his conviction pursuant to 75 Pa.C.S.A. § 1511(a) ("Carrying and exhibiting driver's license on demand"), as he ultimately provided his license.  Section 1511 states that every licensee "shall possess the driver's license issued to the licensee at all times when driving a motor vehicle and shall exhibit the license upon demand by a police officer." 75 Pa.C.S.A. § 1511(a).

In his fourth claim, Appellant challenges the sufficiency of his conviction pursuant to 75 Pa.C.S.A. § 1311 ("Registration card to be signed and exhibited on demand") as he ultimately provided a registration card.  Section 1311 states that "[e]very registration card shall, at all times while the vehicle is being operated upon a highway, be in the possession of the person driving or in control of the vehicle or carried in the vehicle and shall be exhibited upon demand of any police officer."  75 Pa.C.S.A. § 1311(b).

Both statutory provisions provide the licensee the ability to avoid conviction under these sections if the licensee produces the requisite documentation in a stated time period after the initial citation.

Section 1511(b) states that "[n]o person shall be convicted of violating this section … if the person produces at the headquarters of the police officer who demanded to see the person's license, within 15 days of the demand, a

- 9 -

driver's license valid in this Commonwealth at the time of the demand[.]" 75 Pa.C.S.A. § 1511(b)(1).

Section 1331(c) similarly provides that "[n]o person shall be convicted of violating this section … if the person produces at the office of the issuing authority or at the office of the arresting police officer within five days of the violation, a registration card valid in this Commonwealth at the time of the arrest." 75 Pa.C.S.A. § 1311(c).

There does not exist any Pennsylvania appellate authority evaluating the mandate in Sections 1511 and 1311 which require drivers to exhibit their license and vehicle registration "on demand" by a police officer. In interpreting this statute, we are guided by principles of statutory construction:

> [n]otwithstanding the primacy of the plain meaning doctrine as best representative of legislative intent, the rules of construction offer several important qualifying precepts. For instance, the Statutory Construction Act also states that, in ascertaining legislative intent, courts may apply, *inter alia,* the following presumptions: that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable; and that the legislature intends the entire statute to be effective and certain. 1 Pa.C.S. § 1922(1),(2). Most importantly, the General Assembly has made clear that the rules of construction are not to be applied where they would result in a construction inconsistent with the manifest intent of the General Assembly. 1 Pa.C.S. § 1901.

*Commonwealth v. Shiffler*, 879 A.2d 185, 189–190 (Pa. 2005) (citations omitted).

Here, the purpose of the relevant statutes, *supra*, is to require motorists to provide their driver's license and vehicle registration to allow officers to verify their identity as licensed drivers with proper vehicle registration. The

statutes provide the licensee a grace period of fifteen days in which to provide proof of a valid Pennsylvania driver's license and five days in which to provide proof of a valid Pennsylvania registration card.

Appellant in the instant case, however, became combative and belligerent upon the demand of the state trooper for Appellant to produce the aforementioned documents. Appellant's continued obstructive behavior and refusal to provide the documents led to over a twenty-five minute time elapse and the need for the involvement of four state troopers in what should have been a routine traffic stop.

To reward Appellant's combativeness and refusal to produce a valid driver's license and registration card in this case by allowing him the additional time period to produce the documents would lead to an absurd result unintended by the legislature and create a policy that would encourage obstructive behavior by a licensee when a law enforcement officer appropriately demands to see his or her license and registration under the Vehicle Code. 1 Pa.C.S.A. § 1922(1).

We hold the language in Sections 1511(b)(1) and 1311(c) that grants drivers additional time periods to present proof of the required documents, does not extend to belligerent and combative behavior of the licensee to provide the required documents "upon the demand" of a police officer.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2022