**COMMONWEALTH OF PENNSYLVANIA, Appellee,**

v.

**Brooks Thomas KENNEDY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 22, 2001.

Filed Dec. 31, 2001.

---

Jessica E. Becker, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Commonwealth, appellee.

Before: DEL SOLE, P.J., MUSMANNO and HESTER, JJ.

DEL SOLE, P.J.

¶ 1 Brooks Thomas Kennedy appeals the judgment of sentence (48 hours to 23 months' imprisonment) for unsworn falsifi-

cation to authorities claiming the evidence was insufficient to sustain his conviction. We reverse.

■ ¶ 2 In reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Vesel,* 751 A.2d 676, 681–682 (Pa.Super.2000).

■ ¶ 3 The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Seibert,* 424 Pa.Super. 242, 622 A.2d 361, 363 (1993).

¶ 4 The crime of unsworn falsification to authorities is defined, in relevant part, as follows:

§ 4904. **Unsworn falsification to authorities.**

(a) **In general.**—A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:

(1) makes any written false statement which he does not believe to be true;

. . . .

18 Pa.C.S.A. § 4904(a)(1).

¶ 5 The evidence presented at trial indicates that Appellant completed **Form SP 4–127 (2–98)** (Captioned: Commonwealth of Pennsylvania—County of Cumberland— **APPLICATION FOR A PENNSYLVANIA LICENSE TO CARRY FIREARMS**), which contained various questions to be answered either "Yes" or "No." As is

herein relevant, Appellant responded in the negative to the following:

29. Have you ever been convicted of a crime enumerated in Section 6106(b), or do any of the conditions under Section 6105(c) apply to you? (READ INFORMATION ON BACK PRIOR TO ANSWERING). ___ Yes ___ No

30. Are you now charged with, or have you ever been convicted of a crime punishable by imprisonment for a term exceeding one year? (This does not include federal or state offenses pertaining to antitrust, unfair trade practices, restraints of trade, or regulation of business; or state offenses classified as misdemeanors and punishable by a term of imprisonment not to exceed two years). (READ BLOCK 30 INFORMATION ON BACK PRIOR TO ANSWERING). ___ Yes ___ No

31. Have you ever been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act? ___ Yes ___ No

32. Are you an individual who, within the past ten years, has been adjudicated a delinquent for a crime enumerated in Section 6105 (REFER TO INFORMATION ON BACK), or for an offense under The Controlled Substance, Drug, Device, and Cosmetic Act? ___ Yes ___ No

¶ 6 Before answering the questions, Appellant read the back portion of the application captioned Section 6105(b) [1] and Section 6105(c), the latter of which provides in pertinent part:

Effective November 22, 1995, 18 Pa. C.S.A. § 6105(c) also prohibits the following persons from possessing, using, controlling, transferring, manufacturing, or obtaining a license to possess, use, control, transfer, or manufacture a firearm in the Commonwealth of Pennsylvania.

ARE YOU A PERSON WHO:

1. . . .

2. has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, that may be punishable by a term of imprisonment exceeding two years; . . . .

\*      \*      \*      \*      \*      \*

BLOCK 30 INFORMATION: The term of imprisonment means if you are charged with a crime, the maximum term of imprisonment you could receive if convicted; or if you are convicted of a crime, the maximum term of imprisonment you could have received and not the actual disposition given.

After Appellant completed the form, Cumberland County Deputy Sheriff Kelly Bear utilized the "Pennsylvania Instant Check System" to verify the information supplied. When this process came back "positive," Deputy Sheriff Bear turned to the "CLEAN" system, which examines state, national and international records for criminal activity.

¶ 7 A search by "CLEAN" showed that Appellant had been convicted of possessing a small amount of marijuana and drug paraphernalia, which was confirmed by an additional check of Appellant's "rap

---

1. Section 6105(b) itemizes numerous crimes which preclude an applicant from possessing, using or transporting a firearm if he is convicted of any one of them. See 18 Pa.C.S.A. § 6105(b). Although Appellant was charged with a prohibited offense (aggravated assault) in 1988, reduction of the charge to a reckless endangerment conviction removed Appellant from the prohibition of Section 6105(b) regarding Question 29. See N.T. 1/16–17/01 at 33, 41–42.

sheet."[2]   This resulted in the present charges and Appellant's conviction of violating 18 Pa.C.S.A. § 4904.

■ ¶ 8 It is Appellant's position that his response to Question 31 was influenced by the content of Question 29, which directed him to the back of the application before answering whether he had been convicted of any of the thirty-five offenses under Section 6105(b) or Section 6105(c), which prohibits licensure when, *inter alia*, a person has been convicted of an offense under The Drug Act "punishable by a term of imprisonment exceeding two years."

¶ 9 Appellant interpreted subsection (c)(2) of Section 6105 to be applicable to Questions 29 **and** *31*.   In other words, because Appellant had not been convicted of anything that carried a term of over two years, he answered no to Question 31. **See** Footnote 2, *supra*.   Appellant was aware of the consequences of answering the questions falsely and he acknowledged not acting with intent to mislead the public servant reviewing his application.   Rather, he asserts he answered the questions and signed the form at the end thereof (pursuant to Section 4904's unsworn falsification to authorities) to the best of his knowledge.

¶ 10 Appellant testified to making a "mistake" by interpreting Question 31 to prohibit possession of a license to carry a firearm to persons convicted of violating The Drug Act, provided the imposition of imprisonment exceeded two years.   His actions were the product of "confusion"

over when to reference the back of the application in answering the questions.

¶ 11 We read **Form SP 4–127 (2–98)** to contain internal inconsistencies, which leaves the reader in a quandary when to examine the back of the document in advance of answering questions on the face of the application.   For example, three of the first four questions (Nos. 29, 30 and 32) direct the applicant to the information on the back of the form prior to supplying an answer.   On each of the three occasions, paragraph (2) of Section 6105(c) lists the prohibited offense of violating The Drug Act as conduct sufficient to deny licensure, **provided the drug offense is punishable by a term of imprisonment in excess of two years**.

¶ 12 Herein, it is uncontroverted that the only evidence reflective of the state of mind of the accused was generated by Appellant, who stated unequivocally his actions were the product of confusion and not a knowing intent to falsify information.   Thus, evidence of Appellant (in answering Question 31) "mak[ing] any written false statement … not believ[ing it] to be true" is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Libonati*, 346 Pa. 504, 31 A.2d 95, 95 (1943).   Accordingly, we hold that the jury ignored the unrefuted account that Appellant's act of filling out **Form SP 4–127 (2–98)** was the product of a mistake and not the knowing and intentional act of one seeking to deceive.[3]   **Cf.**

---

**2.** Dauphin County Deputy Clerk of Courts (Jacqueline Ridinger) testified that Appellant had been convicted of possessing a small amount of marijuana and drug paraphernalia, the maximum punishment for which consisted of thirty days imprisonment and one year imprisonment, respectively.   N.T. 1/16–17/01 at 32.   Since neither offense carried a period of imprisonment in excess of two years, the proscription of Section 6105(c) was not trig-

gered, and Appellant's answer "No" to Question 31 was not false.

**3.** Additionally, we note that 18 Pa.C.S.A. § 6105 lists the exclusive criteria to evaluate a person's qualifications to possess or use a firearm.   Specific mention is made of violations of The Drug Act, with the proviso that punishment must exceed two years to preclude possession or use a firearm.   For Cum-

*Mano v. Madden,* 738 A.2d 493 (Pa.Super.1999) *en banc* (impermissible for a jury to ignore uncontroverted testimony of the events allowed for award of new trial).

¶ 13 Judgment of sentence vacated. Appellant's conviction for violating 18 Pa. C.S.A § 4904 reversed. Jurisdiction relinquished.

berland County to endorse a form imposing an additional criterion, *i.e.,* listing **any violation** of The Drug Act *vis-a-vis* **violations** of The Drug Act **carrying a penalty in excess of two years**, subverts the clear intention of the Legislature in establishing a framework regulating the issuance of a license to carry a firearm pursuant to Section 6105. This will not be permitted where a statute occupies the area of law to the exclusion of all other enactments.

Appellant, having complied with the letter of the law, could not have been found guilty of unsworn falsification to authorities by answering "No" to Question 31 because his violations of The Drug Act, pursuant to Section 6105(c), did not carry a penalty in excess of two years imprisonment. **See** N.T. 1/16/–17/01 at 32–33, 41–42.