J-S68025-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ROBERT DEAN ROBINSON, | : | |
| Appellant | : | No. 78 WDA 2016 |

Appeal from the Judgment of Sentence November 19, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0006516-2015

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 9, 2017**

Robert Dean Robinson (Appellant) appeals from the judgment of sentence entered November 19, 2015, after he was convicted of one count of unsworn falsification to authorities relating to his application to obtain a firearm license. Upon review, we affirm.

We summarize the facts underlying this case based upon the affidavit of probable cause, which was entered into evidence by stipulation at trial. *See* N.T., 11/19/2015, at 5. On October 21, 2014, Appellant completed an Allegheny County application for a Pennsylvania license to carry firearms. Appellant checked the box marked "no" to the following relevant questions:

> 30. Do you meet any of the following prohibiting criteria under 18 Pa.C.S. § 6109(e)(1)? []
>
> B. Have you ever been convicted of an offense under the … Controlled Substance, Drug, Device and

---

*Retired Senior Judge assigned to the Superior Court.

J-S68025-16

> > Cosmetic Act (CSDDCA)? (As provided in 18 Pa.C.S. § 6109(e)(1)(ii), any Pennsylvania drug conviction under the CSDDCA is prohibiting for a license to carry).

> > ***

> > E. Have you ever been involuntarily committed to a hospital/health care facility for a mental health condition or other treatment, or adjudicated incompetent/incapacitated?

Application for a Pennsylvania License to Carry Firearms, Commonwealth's Exhibit 4 (unnecessary capitalization omitted).

> In addition, Appellant signed the following certification:

> > 33.  I have never been convicted of a crime that prohibits me from possessing or acquiring a firearm under Federal or State law.  I am of sound mind and have never been committed to a mental institution or mental health care facility.  I hereby certify that the statements contained herein are true and correct to the best of my knowledge and belief.  I understand that if I knowingly make any false statements herein, I am subject to penalties prescribed by law.  I authorize the sheriff, or his designee … to inspect only those records or documents relevant to information required for this application.  If I am issued a license and knowingly become ineligible to legally possess or acquire firearms, I will promptly notify the sheriff of the county in which I reside….  This certification is made subject to both the penalties of § 4904 of the Crimes Code, 18 Pa.C.S., relating to unsworn falsifications to authorities and the Uniform Firearms Act.

***Id***.

Appellant's application was processed, which included a query to the Pennsylvania Instant Check System (PICS).  The PICS returned a denial of the application because Appellant had prior mental health commitments.  Per policy, the clerk then queried the National Crime Information Center

database and learned that Appellant had several criminal charges filed against him in the past.

Specifically, in 2007, Appellant pled guilty to three offenses of the Controlled Substance, Drug, Device, and Cosmetics Act: two counts of possession of a controlled substance and one count of possession of drug paraphernalia. Appellant was placed on probation without verdict by agreement.[1]

Appellant was then arrested on May 13, 2011 by the Plum Borough Police Department and charged with possession of a controlled substance and disorderly conduct. Those charges were *nolle prossed*. On May 29, 2011, the Pennsylvania State Police charged Appellant with two counts of possession of a controlled substance and one count of possession of drug paraphernalia. On February 8, 2012, Appellant pled guilty to one count of possession of a controlled substance. He was sentenced to one year of probation.

On November 22, 2013, the New Kensington Police charged Appellant with theft. That case did not have a disposition. In addition, the NCIC check

---

[1] "[T]he court may place a person on probation without verdict if the person pleads *nolo contendere* or guilty to any nonviolent offense under this act and the person proves he is drug dependent." 35 P.S. § 780-117. "Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him." ***Id***. at (3). The record does not reflect whether these charges were actually dismissed after successful completion of probation.

revealed a probation/parole detainer from Crawford County from April 3, 2012 to April 3, 2013.

Based on this information, Detective Ronald N. Stokes, Jr., an officer with the Allegheny County Sheriff's Department, began an investigation, and Appellant was charged with one count of unsworn falsification to authorities. A non-jury trial was held on November 19, 2015. At trial, the Commonwealth presented its case by stipulation, entering into evidence the aforementioned affidavit of probable cause, Appellant's certified convictions from 2007 and 2012, Appellant's involuntary commitment in 2011, and the application filled out by Appellant.

Appellant called his father, Robert Robinson, Sr., to testify. Robinson testified that he helped Appellant fill out the application at issue. Robinson testified that Appellant had a permit to a carry a weapon, it was about to expire, and that is why Appellant was filling out a new application.[2] Robinson testified that he "was under the impression that … [Appellant] had signed himself in and wasn't committed" for mental health treatment. N.T., 11/19/2015, at 9. Robinson also testified that he knew Appellant had been charged with and convicted of drug possession in 2007 and 2012.

Appellant testified that he was "a little iffy" about a few things on the application, and "should have looked into to it further since all of this happened." *Id*. at 17. However, he "figured [he] was renewing it, so … it

_____

[2] According to Appellant, the permit had already expired when he applied for the new one. N.T., 11/19/2015, at 16.

- 4 -

was all right." *Id*. Appellant testified that he asked Robinson whether he had been committed involuntarily, and Robinson told Appellant he was not. Additionally, Appellant "was under the impression that [he] wasn't [committed involuntarily] and that [he] checked [himself] into the hospital." *Id*.

With respect to the criminal charges, Appellant testified that his attorney had told him that since Appellant "got [Accelerated Rehabilitative Disposition program (ARD)] for [the drug charges] it wouldn't be on [his] criminal record." *Id*. at 18. In addition, Appellant testified that he "was a little confused" in answering questions about his criminal history, and he "assumed [he] had to have been convicted and [have] served over a year in prison." *Id*. at 20.

Based on the foregoing, the trial court convicted Appellant of unsworn falsification to authorities and sentenced him to one year of probation. The trial court specifically found that Appellant had falsely answered question 30(B), *supra*. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth one question for our review: "Was the evidence insufficient in that it was uncontroverted that the evidence reflective of [Appellant's] state of mind was his own testimony and that of [Robinson], who both stated unequivocally that [Appellant's] actions were

the product of confusion and not a knowing intent to falsify information?" Appellant's Brief at 5.

We set forth our well-settled standard of review for a challenge to the sufficiency of the evidence to sustain a conviction. "[W]e must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. ***Commonwealth v. Kennedy***, 789 A.2d 731, 732 (Pa. Super. 2001). "The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Id***.

Appellant was convicted of unsworn falsification, which provides the following, in relevant part: "A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." 18 Pa.C.S. § 4904(b).

Appellant argues that the "uncontroverted evidence reflecting on [Appellant's] state of mind was his own testimony that his actions were the product of confusion and not a knowing intent to falsify information."

Appellant's Brief at 20. Appellant claims that this situation is similar to that in **_Kennedy_**, **_supra_**.

In that case, Kennedy was charged with violating section 4904 after answering "no" to certain questions on an application to carry firearms. On that application, questions 29, 30, and 32 required Kennedy to look at the back of the form for additional information about criminal charges, but question 31 did not. Kennedy was convicted for answering question 31 falsely. Kennedy testified that he mistakenly looked to the back of the form for question 31, and therefore answered it incorrectly. This Court concluded that the form had "internal consistencies, which leaves the reader in a quandary when to examine the back of the document in advance of answering questions on the face of the application." 789 A.2d at 734. Thus, this Court reversed the conviction because Kennedy's actions were "the product of a mistake and not the knowing and intentional act of one seeking to deceive." **_Id_**.

Here, Appellant testified that he, too, was "confused" about some of the questions. First, Appellant testified that he was confused about question 30(G).[3]

---

[3] Question 30(G) states: "Are you now charged with, or have ever been convicted of a crime punishable by imprisonment for a term exceeding one year? This is the maximum sentence you could have received, not the actual sentence you did receive." Application for a Pennsylvania License to Carry Firearms, Commonwealth's Exhibit 4 (unnecessary capitalization omitted).

Q. Were you asked in the form if you had been convicted of a crime that subjected you to a penalty of greater than one year of incarceration? Do you remember that question?

A. Yes. That's where I was a little confused. I must have misread the question. I assumed that I had to have been convicted and served over a year in prison.

N.T., 11/19/2015, at 20.

Appellant also testified he was confused about Question 30(B), which states: "Have you ever been convicted of an offense under the … Controlled Substance, Drug, Device and Cosmetic Act (CSDDCA)? (As provided in 18 Pa.C.S. § 6109(e)(1)(ii), any Pennsylvania drug conviction under the CSDDCA is prohibiting for a license to carry)." Appellant testified that he did not believe his 2007 situation was relevant because he believed that he received ARD for that conviction.[4] However, Appellant's testimony about the 2011 charges and 2012 conviction do not reveal any confusion on Appellant's part.

[Commonwealth:] Then moving to 2011, you were before Judge Mark Stevens. Do you recall that?

[Appellant:] Yes.

[Commonwealth:] You pled guilty to possession of drugs in 2011.

[Appellant:] Yes.

N.T., 11/19/2015, at 22-23.

---

[4] Appellant is correct to some degree, because probation without verdict is similar to the ARD program, and therefore is not a conviction.

Accordingly, Appellant knew he had been convicted of a drug-related crime and should have answered "yes" to question 30(B). Because Appellant answered "no," we hold the evidence is sufficient to sustain Appellant's conviction. Moreover, Question 30(B) does not implicate the "internal inconsistencies" found in **Kennedy** because that question on the form comes ahead of the only question on the page (Question 30(C)) that asks the applicant to look at the back of the form for additional information. Based on the foregoing, we hold the evidence is sufficient to sustain Appellant's conviction for unsworn falsification to authorities.[5]

Judgment of sentence affirmed.

Judge Shogan joins.

Judge Solano files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017

---

[5] Because the evidence was sufficient to sustain Appellant's conviction based upon his criminal record, we need not reach any issues with respect to the involuntary mental health commitment.