J-S50008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WHITNEY C. WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1577 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 26, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002873-2018

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 13, 2019**

Whitney C. Washington appeals, *nunc pro tunc*, from the judgment of sentence entered in the Court of Common Pleas of Allegheny County.  Counsel has filed an ***Anders***/***McClendon***[1] brief and a motion to withdraw.  Upon careful review, we grant counsel's motion to withdraw and affirm Washington's judgment of sentence.

Washington was convicted, after a stipulated nonjury trial, of one count of unsworn falsification to authorities.[2]  The court sentenced him to one year of probation.  Washington filed a counseled post-sentence motion on August 24, 2018, in which he raised sufficiency of the evidence and ineffectiveness of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[2] 18 Pa.C.S.A. § 4904(b).

counsel claims and requested leave to file supplemental post-sentence motions upon receipt of the notes of testimony from his trial. That same day, counsel filed a motion to withdraw. On August 27, 2018, the court entered an order granting Washington leave to file supplemental post-sentence motions, *nunc pro tunc*. On September 11, 2018, the court granted counsel's motion to withdraw and appointed the Office of Conflict Counsel as substitute counsel. On October 22, 2018, new counsel filed a motion to reinstate Washington's appellate rights, *nunc pro tunc*, which the court granted on October 29, 2018. Counsel subsequently filed a timely notice of appeal, *nunc pro tunc*, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Before addressing Washington's appellate claim, we must resolve counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court in ***Commonwealth***

*v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel has filed a motion to withdraw as counsel and an *Anders* brief. In her motion, counsel states that there are no issues of arguable merit on appeal. Additionally, counsel states that she mailed a copy of the *Anders* brief to Washington, and attached to her motion a letter to Washington advising him of his right to retain new counsel or proceed *pro se* in his appeal, or to raise any additional issues he believed the Court should consider.[3]

---

[3] Washington has not filed a response to counsel's *Anders* brief.

Finally, counsel's brief sets out one issue of arguable merit and, pursuant to the dictates of **Santiago**, explains why counsel believes the appeal to be frivolous. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**. We now turn to our independent review of the record and the claim raised by Washington.

Washington asserts that the Commonwealth presented insufficient evidence to sustain his conviction. He is entitled to no relief.

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.

**Commonwealth v. Levy**, 83 A.3d 457, 461 (Pa. Super. 2013) (citation omitted).

Washington was convicted of unsworn falsification to authorities. A person commits the offense of unsworn falsification to authorities "if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." 18 Pa.C.S.A. § 4904(b).

At trial, the parties stipulated to the following facts: On March 4, 2017, Washington attempted to purchase a Winchester rifle at Shaw Precision Guns in Bridgeville, Allegheny County. As a prerequisite to the purchase, Washington was required to complete an ATF Firearms Transaction Record,

Form 4473, which contains a notice that false statements made therein were punishable. In responding to two questions contained in the form, Washington denied that he had ever been convicted of a felony or committed to a mental institution. A subsequent background check revealed both of those statements to be false.[4] Washington presented no evidence that he gave those false answers by mistake. *Cf. Commonwealth v. Kennedy*, 789 A.2d 731 (Pa. Super. 2001) (where sole evidence of accused's state of mind was testimony that actions were product of confusion, and not knowing intent to falsify information, evidence of intent to make false statement so weak and inconclusive that, as matter of law, no probability of fact can be drawn from combined circumstances). This evidence was sufficient to support Washington's conviction for unsworn falsification to authorities. Accordingly, Washington is entitled to no relief.

Judgment of sentence affirmed; motion to withdraw granted.

---

[4] In fact, Washington had been convicted on felony drug charges in New Jersey on December 10, 1997. Moreover, he was subject to an involuntary mental health commitment on October 29, 2004, and was adjudicated "severely mentally disabled and chronically psychotic" on November 22, 2004, and sentenced to 90 days of mental health treatment. Affidavit of Probable Cause, 2/22/18, at 2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/13/2019