J-S15012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :            PENNSYLVANIA
                                                    :

          v.                                     :

LYMICC ARTIE ALLEN                :
                                                    :
           Appellant             :   No. 1355 MDA 2022

Appeal from the Judgment of Sentence Entered August 24, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000372-2022

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:         **FILED: JULY 26, 2023**

Lymicc Artie Allen appeals from the judgment of sentence of fines totaling $25.00, which was imposed after the trial court convicted him of possession of a controlled substance. We affirm.

On October 24, 2021, Officer Adrienne Monroy of the Steelton Borough Police Department initiated a traffic stop of a vehicle, in which Appellant was a passenger, for improper placement of a temporary registration placard. **See** N.T. Trial, 8/24/22, at 6-7. Upon questioning by Officer Monroy, the driver exhibited difficulty answering questions regarding her home address and where she was driving and showed signs that indicated nervous, deceptive behavior. **Id**. at 10-11. At the same time, Appellant displayed signs of aggression, including asking repeatedly for the reason for the stop, even after having that reason explained to him, and attempting to exit the vehicle multiple times despite being directed to remain in the vehicle. **Id**. at 9, 11.

Based upon this suspicious behavior, Officer Monroy questioned both Appellant and the driver regarding whether there was anything illegal in the vehicle. After receiving a negative reply from both individuals, Officer Monroy requested consent to search the vehicle. *Id*. at 12. The driver refused to give consent. A K-9 officer, who was already on-scene as part of Officer Monroy's backup, had their narcotics-detecting canine conduct an open-air sniff of the vehicle. As the canine began, Appellant and the driver became more agitated. *Id*. at 13-14. Ultimately, the canine alerted to the presence of narcotics and Appellant admitted to the possible presence of a THC pen in the vehicle.[1] *Id*. at 14.

When asked about a medical marijuana card,[2] Appellant displayed one that had expired two months prior, in August of 2021. *Id*. at 14. Appellant explained that he was renewing his card but did not elaborate on the status. *Id*. at 22. Officer Monroy had the vehicle towed and obtained contact information for both the driver and Appellant. *Id*. at 16, 23. Upon receiving a search warrant, Officer Monroy, with the assistance of other officers, located a vape pen containing an amber liquid in the center console of the vehicle. *Id*. at 17. The vape pen contained no packaging to indicate that it was from

---

[1] "THC stands for tetrahydrocannabinol and is the active ingredient of marijuana." *Commonwealth v. Jones*, 121 A.3d 524, 526 n.3 (Pa.Super. 2015).

[2] The Medical Marijuana Act, 35 P.S. §§ 10231.101-10231.2110, provides that "[a] patient . . . shall possess an identification card whenever the patient . . . is in possession of medical marijuana." 35 P.S. § 10231.303(b)(7).

- 2 -

a medical marijuana business or that it was prescribed to Appellant. *Id*. at 17. The pen was sent for testing and the amber substance within the pen was confirmed to be THC, a schedule I controlled substance.[3] *Id*. at 26.

Based on the foregoing, Appellant was arrested and charged with possession of a controlled substance and possession of drug paraphernalia. Prior to trial, the Commonwealth withdrew the paraphernalia charge. On August 24, 2022, Appellant proceeded to a nonjury trial. Appellant did not testify and the only evidence presented by either side was the testimony of Officer Monroy. Following the close of evidence, Appellant's counsel argued that Appellant purchased the marijuana when his prescription card was still valid and therefore should be found not guilty. The Commonwealth, on the other hand, argued that "[w]hether or not he purchased that legally or not is not the issue[,]" but rather whether he was validly in possession of marijuana at the time of the stop. *Id*. at 30-31. The trial court convicted Appellant of possession of a controlled substance. The trial court imposed a $25.00 fine and did not charge Appellant court costs.

Appellant timely filed a notice of appeal. He filed a concise statement pursuant to Pa.R.A.P. 1925(b) and the trial court issued a Rule 1925(a) opinion. Appellant raises the following issue for our consideration: "Whether the trial court erred in accepting the jury's verdict where the Commonwealth

_____

[3] We note that despite the passage of the Medical Marijuana Act, "[a]ll marijuana, medical or otherwise, remains a Schedule I controlled substance in Pennsylvania." *Commonwealth v. Dabney*, 274 A.3d 1283, 1291 (Pa.Super. 2022) (citation omitted).

failed to present sufficient evidence Appellant possessed marijuana without a valid prescription."[4]  Appellant's brief at 4 (capitalization altered).

We consider Appellant's sufficiency challenge within the following legal parameters.  "In reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt."  *Commonwealth v. Kennedy*, 789 A.2d 731, 732 (Pa.Super. 2001) (citation omitted).  We observe that "[t]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence[.]"  *Id*. (citation omitted).  Rather, any question of "doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."  *Id*. (citation omitted).

Appellant challenges the sufficiency of the evidence for the charge of possession of a controlled substance.  The Controlled Substance, Drug, Device and Cosmetic Act ("Controlled Substance Act") in pertinent part prohibits:

> Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

---

[4]  We note that counsel mistakenly referenced a jury verdict in a case that was decided following a nonjury trial.

- 4 -

35 P.S. § 780-113(a)(16).

Appellant does not contest the Commonwealth's evidence that he knowingly or intentionally possessed a controlled substance. Rather, focusing on the Medical Marijuana Act and the exception set forth in § 780-113(a)(16), he alleges that the Commonwealth failed to adduce sufficient evidence that he possessed the marijuana without a valid prescription. *See* Appellant's brief at 8-11. Likewise focusing on the Medical Marijuana Act, the trial court concluded that "Appellant's expired card d[id] not provide him with an affirmative defense to the charge of unlawful possession of a controlled substance." Trial Court Opinion, 11/18/22, at 5. Appellant assails the trial court's interpretation, contending that the issue is "whether [his] lawful purchase of medical marijuana becomes unlawful upon the expiration of his medical marijuana card." *Id*. at 9. He argues that § 780-113(a)(16) does not prohibit the continued possession of a controlled substance once a prescription lapses where the substance was originally obtained pursuant to a valid prescription. *Id*. at 10-11. In other words, Appellant contests that, under the statute, he was not required to possess a valid prescription at the time of the stop so long as the substance was initially obtained when the prescription was valid.

It bears reminding that Appellant is challenging the sufficiency of the evidence to sustain his conviction pursuant to § 780-113(a)(16), not whether the Commonwealth was permitted to arrest, prosecute, or penalize him for

possession of medical marijuana.[5]  Thus, before examining the interplay between § 780-113(a)(16) and the Medical Marijuana Act, we must first determine whether the Commonwealth even had the burden to establish beyond a reasonable doubt that Appellant was not authorized to possess the marijuana.  In that respect, we are guided by a prior *en banc* decision of this Court that answered the question of whether "the Commonwealth failed to establish the elements of possession because it did not disprove [the defendant's] claim that he had a valid prescription for the [controlled substance] he possessed."  **Commonwealth v. James**, 46 A.3d 776, 779 (Pa.Super. 2012) (*en banc*) (footnote and citation omitted).

In **James**, we summarized the relevant burden-shifting, which had been set forth by this Court in **Commonwealth v. Sojourner**, 408 A.2d 1108 (Pa.Super. 1978).  "In **Sojourner***,* this Court explained that the Commonwealth has the burden of proving every element of a criminal offense beyond a reasonable doubt, but the burden of going forward with evidence of every aspect of a criminal offense need not rest on the Commonwealth from the outset."  **James**, **supra** at 779 (citation omitted).  Indeed, "before the prosecution must disprove the accused was authorized to possess narcotics under the [Controlled Substance Act], the accused must establish some credible evidence of such authorization."  **Id**. at 780 (cleaned up).  Stated

---

[5]  The Medical Marijuana Act provides that no medical marijuana patient "shall be subject to arrest, prosecution or penalty in any manner, or denied any right or privilege, including civil penalty or disciplinary action . . . solely for lawful use of medical marijuana[.]"  35 P.S. § 10231.2103(a).

simply, in order to validate the possession of a controlled substance otherwise prohibited by the Controlled Substance Act, the defendant must first provide some credible evidence to support the claim of authorization.

Here, Appellant presented **no** evidence that he was authorized to purchase the marijuana at issue. At no point did the parties stipulate that Appellant purchased the marijuana legally. Appellant avers that the Commonwealth conceded "that Appellant properly purchased the marijuana." Appellant's brief at 9 n.2 (citing N.T. Trial, 8/24/22, at 30-31). This statement is an overreach. Read in context, the Commonwealth's statement that "there's no argument that the defendant legally purchased the marijuana" was made to urge the trial court not to get lost on the matter of purchasing when it believed the relevant inquiry was "the matter of possession." N.T. Trial, 8/24/22, at 30-31. Simply put, the Commonwealth's position was that "[w]hether or not [Appellant] purchased [the marijuana] legally . . . [wa]s not the issue[.]"[6] *Id*. at 30-31. An argument that the legality of the purchase was irrelevant, while not wholly accurate, does not amount to a concession that the purchase was legal.

_____

[6] The Commonwealth's position comports with Officer Monroy's reaction to Appellant's counsel focusing on the purchase of the marijuana on cross-examination. *See* N.T. Trial, 8/24/22, at 24 ("So at this point possessing – we're not talking the purchasing but possessing of the THC with an expired card would be the point which I would intervene at this point. . . . I know he said he has purchased legally, he has a medical marijuana card, he's waiting on his new one. But again at this particular court hearing we're talking about the possession and not the purchasing. Which we may have had a conversation about the purchasing of it, but the possession is what we're indicating here we're talking about.").

Rather, all the evidence established was that Appellant possessed marijuana on October 24, 2022, and that at that time his medical marijuana card had been expired for two months. There was no evidence as to when or where the marijuana was purchased, or whether it was even purchased using the medical marijuana card. Moreover, the vape pen contained no labeling indicative of medical marijuana prescribed to Appellant.[7] Regardless of whether Appellant allegedly offered to provide a receipt to Officer Monroy during the traffic stop, no such receipt was produced at trial. **See** N.T. Trial, 8/24/22, at 22-23 (the officer testifying on cross-examination that (1) she did not remember Appellant offering to provide a receipt from a dispensary that, as counsel phrased it, "he probably purchased [the] THC from[,]" (2) Appellant did not provide a date for when he purchased the marijuana, and, (3) the nature of his prescription was not discussed during the interaction).

As Appellant did not submit any evidence in support of the claim that the marijuana was obtained pursuant to the medical marijuana card prior to its expiration, the burden of production to disprove lawful possession did not transfer to the Commonwealth. **See James**, **supra** at 780 (concluding that the burden of disproving authorization did not shift to the Commonwealth because the record supported the trial court's conclusion that there was no

---

[7] In that vein, we note that a valid prescription card does not authorize an individual to purchase marijuana on the street. Thus, even possession of marijuana while holding a valid prescription card does not mean that the defense set forth in § 780-113(a)(16) automatically applies because the marijuana must be "obtained directly from, or pursuant to, a valid prescription order." 35 P.S. § 780-113(a)(16).

J-S15012-23

credible evidence in support of James's claim that he was authorized to possess the narcotics). Appellant's argument in support of his continued possession of the marijuana after the card's expiration is entirely premised on the assumption that the marijuana was lawfully purchased in the first place. Since Appellant did not set forth any evidence of a valid purchase, this argument fails.[8]

For these reasons, we conclude that an examination of the entirety of the record evidence, viewed in the light most favorable to the Commonwealth, established possession of a controlled substance beyond a reasonable doubt and supported Appellant's conviction. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2023

---

[8] As this Court does not issue advisory opinions, we decline to answer Appellant's question of whether purchasing marijuana legally pursuant to a valid prescription card permits an individual to indefinitely possess or use it.

- 9 -