J-A15033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JORDAN BAILEY HEIM   :
  :
Appellant   :   No. 497 WDA 2022

Appeal from the Judgment of Sentence Entered December 6, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000530-2021

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED: August 9, 2023**

Jordan Bailey Heim (Heim) appeals from the judgment of sentence imposed by the Court of Common Pleas of Allegheny County (trial court) resulting from his conviction for making a materially false written statement in connection with the transfer of a firearm and unsworn falsification to authorities.[1] He challenges the sufficiency of the evidence for the *mens rea* elements of his offenses and the denial of his post-sentence claim addressing the weight of the evidence. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6111(g)(4)(ii) and 4904(b), respectively.

**I.**

The facts of this case were established at a preliminary hearing held on February 17, 2021.[2] Detective Scott Rick testified that on January 14, 2021, he began investigating Heim for an attempted firearm purchase that he attempted at the Keystone Shooting Range in Marshall Township in Allegheny County on the afternoon of November 7, 2019. P.D.T. 2/17/21, 2. At the time of the purchase, Heim filled out the requisite forms for the purchase. As follows, he responded, "No" on a Pennsylvania State Police Application/Record of Sale Form (Form # SP 4-113) in response to a question about whether he had ever been convicted of a crime punishable by imprisonment for a term exceeding one year:

| | |
|---|---|
| 31. HAVE YOU EVER BEEN CONVICTED OF A CRIME ENUMERATED IN SECTION 6105(b), OR DO ANY OF THE CONDITIONS UNDER 6105(c) APPLY TO YOU? **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 32. ARE YOU NOW CHARGED WITH, OR HAVE YOU EVER BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR? THIS IS THE MAXIMUM SENTENCE THAT YOU "COULD HAVE RECEIVED," NOT THE ACTUAL SENTENCE YOU DID RECEIVE. (THIS DOES NOT INCLUDE FEDERAL OR STATE OFFENSES PERTAINING TO ANTITRUST, UNFAIR TRADE PRACTICES, RESTRAINTS OF TRADE, OR REGULATION OF BUSINESS; OR STATE OFFENSES CLASSIFIED AS MISDEMEANORS AND PUNISHABLE BY A TERM OF IMPRISONMENT NOT TO EXCEED TWO YEARS.) **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 33. ARE YOU THE ACTUAL BUYER OF THE FIREARM AS DEFINED UNDER 18 PA.C.S -6102 LISTED ON THIS APPLICATION/RECORD OF SALE? (WARNING: YOU ARE NOT THE ACTUAL BUYER IF YOU ARE ACQUIRING THE FIREARM ON BEHALF OF ANOTHER PERSON UNLESS YOU ARE LEGITIMATELY ACQUIRING THE FIREARM AS A GIFT FOR ANY OF THE THE FOLLOWING INDIVIDUALS WHO ARE LEGALLY ELIGIBLE TO OWN A FIREARM: 1) SPOUSE; 2)PARENT; 3) CHILD; 4)GRANDPARENT; 5) GRANDCHILD | YES |
| 34. I VERIFY THE FACTS THAT I HAVE SET FORTH IN BLOCKS 5-33 OF THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO BOTH THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S 4904) RELATING TO UN-SWORN FALSIFICATION TO AUTHORITIES AND THE UNIFORM FIREARMS ACT. I ALSO UNDERSTAND THAT THE MAKING OF ANY FALSE WRITTEN STATEMENT OR THE EXHIBITING OF ANY FALSE MISREPRESENTED IDENTIFICATION WITH RESPECT TO THIS APPLICATION IS A CRIME PUNISHABLE AS A FELONY. | |

SIGNATURE OF TRANSFEREE/PURCHASER.     DATE OF APPLICATION:11/07/2019

---

[2] The certified record for this appeal does not contain notes of testimony for this hearing that were prepared by a court reporter. Instead, the record includes a transcript of the hearing prepared by the Allegheny County Public Defender's Office that was attached to a pre-trial *habeas corpus* motion. As the parties do not appear to contest the contents of that transcript and the Commonwealth explicitly relied on it below, *see* N.T. 8/9/21, 5, we will rely on them for purposes of this appeal.

Application/Record of Sale Form, 11/7/19, attached as Exhibit A to Stipulation to Supplement Certified Record on Appeal, 12/16/22; **see also** P.D.T. 2/17/21, 3-4; N.T. 8/9/21, 5; N.T. 9/28/21, 12. As follows, he similarly answered, "No" to a question on a United States Department of Justice Firearms Transaction Record asking him about whether he had he ever been convicted of a felony or any other crime for which a judge could have imprisoned him for more than one year, even if he was sentenced to a shorter sentence including probation:

| | | YES | NO |
|---|---|---|---|
| 11. | Answer the following questions by checking or marking "*yes*" or "*no*" in the boxes to the right of the questions. | | |
| a. | Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☒ | ☐ |
| b. | Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☒ |
| c. | Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☒ |
| | | ☐ | ☑ |

Firearms Transaction Record (ATF Form 4473), 11/7/19, attached as Exhibit B to Stipulation to Supplement Certified Record on Appeal, 12/16/22; **see also** P.D.T. 2/17/21, 3-5; N.T. 8/9/21, 5; N.T. 9/28/21, 12.[3]

---

We note, however, that Heim was responsible for assuring the completion of the record for this appeal and the omission of a volume of notes of testimony that is necessary for our review could have provided a basis for waiver. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1120 (Pa. Super. 2023) ("it ultimately is the duty of the appellant to ensure that the certified record is complete … The appellant's failure to carry out that duty results in waiver of any claim for which a needed item is absent from the certified record.") (citations omitted). For the sake of clarity, we will cite the transcript for the preliminary hearing that was prepared by the Public Defender's Office as
*(Footnote Continued Next Page)*

Heim's answers about his lack of any conviction for offenses punishable by more than one year of imprisonment were contradicted by his criminal record. He was twice adjudicated delinquent as a juvenile for separate charges of indecent assault as a felony of the third degree and aggravated indecent assault as a felony of the second degree. On August 9, 2016, he entered a guilty plea to theft by unlawful taking as a misdemeanor of the second degree. Counsel later stipulated that Heim received a term of one year of probation for the theft conviction.

On January 27, 2021, after the administration of a *Miranda*[4] warning, Detective Rick spoke to Heim about the attempted firearm purchase. P.D.T. 2/17/21, 3. Heim admitted that he attempted to make the purchase and indicated that he did not understand the line of questions in the forms about "having a criminal record." *Id.* at 3, 5-6. Detective Rick testified that, "[h]e also said that he knew that he had been convicted of a crime but was going to try and purchase a gun." *Id.* at 6.

_____

"P.D.T. 2/17/21," and, in doing so, we are referencing the transcript that was attached to Heim's Petition for Writ of Habeas Corpus that was filed with the lower court on May 25, 2021.

[3] The state and federal forms addressed *supra* were not included in the record below until a hearing on Heim's pre-trial petition for writ of *habeas corpus*. *See* N.T. 8/9/21, 5.

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

The above-referenced charges were held for trial after the preliminary hearing and Heim unsuccessfully litigated a petition for writ of *habeas corpus*, seeking the dismissal of the charges. At a non-jury trial, the parties stipulated to the existing evidence of record which included the defense-prepared transcript for the preliminary hearing, an affidavit of probable cause, the above-referenced forms filled out by Heim when he attempted to purchase the firearm, and information concerning Heim's prior criminal record. N.T. 9/28/21, 11-13. The court found Heim guilty of the above charges. Heim timely filed a post-sentence motion challenging the sufficiency and weight of the evidence. The trial the court denied a post-verdict motion for judgment of acquittal and sentenced Heim to 24 months' probation for making a materially false written statement with no further penalty for unsworn falsification to authorities.

Following the denial of that motion, Heim timely filed a notice of appeal and a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Heim presents the following questions for our review:

I. Whether the evidence [was] insufficient to convict [Heim] of Sale or Transfer of Firearms and Unsworn Falsification to Authorities where the Commonwealth did not prove the requisite *mens rea* beyond a reasonable doubt?

II. Whether the [t]rial [c]ourt abuse[d] its discretion by denying [Heim's] post-sentence motion for a new trial where the weight of the evidence overwhelmingly showed that [Heim] was confused by the vagueness of the application in question, and, therefore, his convictions for Sale or Transfer of Firearms and

Unsworn Falsification to Authorities shocked the judicial conscience?

Heim's Brief at 5 (omitting suggested answers).

## II.

## A.

In his first issue, Heim challenges the sufficiency of the evidence, asserting that the Commonwealth failed to sustain the *mens rea* elements for his offenses, *i.e.*, that he knowingly and intentionally made a materially false statement in the firearm transaction forms 18 Pa.C.S. §§ 6111(g)(4)(ii) and 18 Pa.C.S. § 4904(b).[5]

---

[5] Our standard of review for a sufficiency claim is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above test], we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*(Footnote Continued Next Page)*

18 Pa.C.S. §§ 6111(g) provides, in relevant part:

(4) [a]ny person, purchaser or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally:

…

(ii) makes any **materially false written statement**, including a statement on any form promulgated by Federal or State agencies[.] (emphasis added.)

18 Pa.C.S. § 6111(g)(4)(ii).

Section 4904, which governs his unsworn falsification to authorities conviction, provides in pertinent part that: "A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." 18 Pa.C.S. § 4904(b).

The Crimes Code further provides as follows regarding the relevant kinds of culpability:

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

---

***Commonwealth v. Chisebwe***, 278 A.3d 354, 358 (Pa. Super. 2022) (citation omitted).

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

…

18 Pa.C.S. § 302(b). The intent to commit a specific crime "may be inferred from the actions of the defendant in light of all attendant circumstances." *Commonwealth v. Chance*, 458 A.2d 1371, 1374 (Pa. Super. 1983); *Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa. Super. 2001).

Because the plain language of questions posed on the form addresses "conviction" and not juvenile offenses that resulted in an adjudication and not in a conviction, and the only offense Heim needed to admit on the form was the theft conviction[6] which, as a misdemeanor of the second degree, under 18

---

[6] Our Supreme Court has held that the concept of convictions for purposes of the grading provision of 18 Pa.C.S. § 6105 does not encompass juvenile adjudications. *See Commonwealth v. Hale*, 128 A.3d 781, 785 (Pa. 2015); *see also* 42 Pa.C.S. § 6354(a) (the Juvenile Act does not treat an adjudication as a conviction: "An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability resulting from a conviction or operate to disqualify the child in any civil service application or appointment."); *Commonwealth v. Thomas*, 743
*(Footnote Continued Next Page)*

Pa.C.S. § 1104(2), he could have been theoretically sentenced for up to two years' imprisonment on that conviction.

In making his sufficiency argument that the Commonwealth has not established the requisite *mens rea*, Heim principally relies on this Court's decision in **Commonwealth v. Kennedy**, 789 A.2d 731 (Pa. Super. 2001). In that case involving the answers on a different state police form, we held that no probability of fact could be drawn as to the defendant's *mens rea* where the only evidence of his state of mind was his own assertion that his actions "were the product of confusion." **Id.** at 732-35.

In **Kennedy**, the defendant answered "no" to the following questions on an application for a license to carry a firearm that was used by Cumberland County:

> 29. Have you ever been convicted of a crime enumerated in Section 6106(b), or do any of the conditions under Section 6105(c) apply to you? (READ INFORMATION ON BACK PRIOR TO ANSWERING). ____ Yes ____ No.
>
> 30. Are you now charged with, or have you ever been convicted of a crime punishable by imprisonment for a term exceeding one year? (This does not include federal or state offenses pertaining to antitrust, unfair trade practices, restraints of trade, or regulation of business; or state offenses classified as

---

A.2d 460, 465-66 (Pa. Super. 1999) (declining to treat juvenile adjudications as convictions for purposes of the "three strikes" sentencing enhancement provision under 42 Pa.C.S. § 9714(a)(2)); 18 Pa.C.S. § 6102 (the VUFA does not include juvenile adjudications in its definition of "conviction" which is defined as "a finding of guilty of the entering of a plea of guilty or nolo contendere, whether or not judgment of sentence has been imposed, as determined by the law of the jurisdiction in which the prosecution was held.)

misdemeanors and punishable by a term of imprisonment not to exceed two years). (READ BLOCK 30 INFORMATION ON BACK PRIOR TO ANSWERING). ____ Yes ____ No.

31. Have you ever been convicted of an offense under act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act? ____ Yes ____ No.

32. Are you an individual who, within the past ten years, has been adjudicated a delinquent for a crime enumerated in Section 6105 (REFER TO INFORMATION ON BACK), or for an offense under The Controlled Substance, Drug, Device, and Cosmetic Act? ____ Yes ____ No.

*Kennedy*, 789 A.2d at 733. Kennedy was charged with unsworn falsification to authorities after a Cumberland County deputy sheriff realized that he had been convicted of possessing a small amount of marijuana and drug paraphernalia. *Id.* at 733-34.

At a jury trial, Kennedy testified that he answered the questions to the best of his knowledge and that the erroneous answer was a mistake. *Id.* at 734 ("His actions were the product of 'confusion' over when to reference the back of the application in answering the questions."). In particular,

his response to Question 31 was influenced by the content of Question 29, which directed him to the back of the application before answering whether he had been convicted of any of the thirty-five offenses under Section 6105(b) or Section 6105(c), which prohibits licensure when, *inter alia*, a person has been convicted of an offense under The Drug Act "punishable by a term of imprisonment exceeding two years."

[Kennedy] interpreted subsection (c)(2) of Section 6105 to be applicable to Questions 29 **and** 31. In other words, because Kennedy had not been convicted of anything that carried a term of over two years, he answered no to Question 31.

*Id.* at 734 (emphasis in original).

- 10 -

We found that the application completed by Kennedy contained "internal inconsistences, which le[ft] the reader in a quandary when to examine the back of the document in advance of answering questions on the face of the application." **Id.** We also found it "uncontroverted that the only evidence reflective of the state of mind of the accused was generated by [Kennedy], who stated unequivocally his actions were the product of confusion and not a knowing intent to falsify information." **Id.** Thus, the evidence of Kennedy making a written false statement while not believing it to be true was "so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." **Id.** As a result, we vacated Kennedy's judgment of sentence and reversed his conviction because we concluded that "the jury ignored the unrefuted account that [Kennedy's] act of filling out [the form] was the product of a mistake and not the knowing and intentional act of one seeking to deceive." **Id.** (citation and footnote omitted).

Because he testified that he did not understand the questions on the forms he signed, Heim argues that **Kennedy** should apply and mandate reversal. He also argues that there was no evidence showing that Heim knew the sentencing exposure for his prior theft conviction or that his juvenile delinquent adjudication "would apply" for purposes of the questions on the forms.

The Commonwealth argues that Heim's statement to the detective about him knowing that he had been convicted of a crime "but was going to try and

purchase a gun" was evidence of a "deceptive statement of mind" and adequate to sustain the *mens rea* elements for the offenses. Commonwealth's Brief at 6-8. The Commonwealth suggests the statement was functionally equivalent to Heim saying, "I know I'm in the wrong here, but let me see if I can get away with it." *Id.* at 8. The Commonwealth asserts that the outcome in *Kennedy* was decided by the fact that the testimony of the defendant's confusion with the form questions was uncontradicted by anything of record, and that we may distinguish *Kennedy* here where Heim stated, in addition to a statement about a lack of understanding, that he knew that he had a criminal record but, in spite of that, he "was going to try and purchase a gun." We agree.

Unlike in *Kennedy*, where the defendant's assertion of his confusion was unchallenged, in this case, while he did say that he didn't fully understand the form, Heim "said that he knew that he had been convicted of a crime but was going to try and purchase a gun." P.D.T. 2/17/21, 6. The stated interest in "going to try and purchase a gun" was interpreted by the trial court as Heim acting with an intent to deceive to complete the gun purchase, stating when it announced the verdict:

> I find the case [Kennedy] submitted by the defense distinguishable in that information submitted in this case is a little bit different, one of which is there's additional information. As the Commonwealth pointed out, there's a statement given by the defendant. And what I find persuasive, at least in this case, and it sticks with me, is the defendant made a statement to the detective that he knew that he had the record and was -- and specifically, I'm going to point to the preliminary hearing

- 12 -

> transcript. He knew he'd been convicted of a crime, but he was going to try and purchase the gun. He also said he -- was saying he didn't understand the forms, which I don't find persuasive.

N.T. 9/28/21, 25.

To start, ignorance of the law does not immunize an individual from the consequences of criminality. *See Commonwealth v. Homer*, 928 A.2d 1085, 1090 (Pa. Super. 2007). Next, even assuming that Heim glossed over the terms on the firearm application or, separately, was actually unaware of the lengths of his prior offenses' sentences, the affixing of his signature at the end of the document constitutes a complete understanding that he has read the form in its entirety and submitted accurate information. He knew that he was convicted of a crime and presumably was informed of the maximum sentence for that crime. Finally, a person knowing that they have been convicted of a crime cannot rely on his or her willful ignorance in claiming they did not know the maximum length of the sentence for that crime, and if he or she was truly unaware, they had an obligation to find out what the maximum sentence to answer the form truthfully. If they did so, they acted at their peril.

Accordingly, we find that Heim has not demonstrated that the evidence presented at trial was insufficient to convict beyond a reasonable doubt.

**B.**

In his second issue, Heim asserts that the trial court abused its discretion when it denied the challenge to the weight of the evidence included

in his post-sentence motion.[7]   He argues that the verdict was shocking because the trial court did not afford proper weight to the testimony alleging that his answers on the form were the result of his misunderstanding or confusion with the questions about his prior criminal record.

Heim asserts that the trial court did not give proper weight to his testimony because it inappropriately conflated his knowledge of having a

---

[7] Our standard of review for appellate challenges to the weight of the evidence:

> The weight given to trial evidence is a choice for the factfinder.  If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion and when an [Appellant] then appeals that ruling to this Court, our review is limited.  It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence.  We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court.  Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is one we might have made in the first instance.
>
> Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment.  Rather, it involves, bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law.  By contrast, a proper exercise of discretion conforms to the law and is based on the facts of the record.

*Commonwealth v. Arnold*, 284 A.3d 1262, 1277 (Pa. Super. 2022), quoting *Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007).

criminal record with knowledge that he had a record that made him ineligible to purchase a firearm. As a result, he alleges that the court failed to properly consider and afford adequate weight to the testimony that his answers on the purchase form were the result of confusion or a misunderstanding. *Id.* However, the trial court did not find Heim's assertions about his confusion on the form to be persuasive. ("He also said he -- was saying he didn't understand the forms, which I don't find persuasive." N.T. 9/28/21, 25).

The court interpreted the detective's testimony about Heim admitting that he "knew that he had been convicted of a crime but was going try and purchase a gun" anyway as proof of an intent to deceive for the purpose of completing the gun purchase:

> And I think when you look at all of the facts and circumstances in this case, the defendant knew he had a record and figured, well, I'm going to go ahead and see if I can go ahead and kind of beat the system and see if I can get this firearm, and in this case it didn't work.

*Id.* at 2.

Here, Heim has not demonstrated that the verdict was the result of bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law, which is necessary for finding an abuse of discretion. His claim simply amounts to a request for this Court to reweigh the credibility finding of the trial court which we cannot do under our standard of review. As the factfinder, the trial court was free to "believe all, none or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Clemons***,

242 A.3d 659, 667 (Pa. Super. 2020).  We cannot simply reweigh the evidence in Heim's favor in the absence of a demonstrated abuse of discretion. **_Commonwealth v. Hopkins_**, 747 A.2d 910, 914 (Pa. Super. 2000) ("The Superior Court may not reweigh the evidence and substitute our judgment for that of the finder of fact.").  We also hold that this claim lacks merit.

Accordingly, for the foregoing reasons, we affirm the decision of the trial court.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2023